**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

CASE NO.: 18-61047-CIV-UNGARO/O'SULLIVAN

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

   v.

**US STEM CELL CLINIC, LLC, et al.,**

   **Defendants.**

**JOINT PLANNING AND SCHEDULING REPORT**

Plaintiff, the UNITED STATES OF AMERICA ("Plaintiff") and Defendants US STEM CELL CLINIC, LLC, US STEM CELL, INC., KRISTIN C. COMELLA, and THEODORE GRADEL ("Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.1(b)(1) and this Court's May 24, 2018 Order Setting Initial Planning and Scheduling Conference (D.E. 17), hereby file their joint scheduling report addressing discovery and other pretrial issues.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), the following attorneys appeared telephonically for the planning and scheduling conference on July 6, 2018, at 10:30 A.M. EST: undersigned counsel for the government and Defendants' counsel Mr. Freeland and Ms. Gardner.  Additional planning telephone conferences took place on May 31, 2018, among undersigned counsel for the United States and Defendants' counsel Messrs. Harrison, Halpern, and Freeland, as well as on June 15, 2018, among undersigned counsel for the

government and Messrs. Halpern and Freeland. The Parties have exchanged initial disclosures and have agreed, consistent with their obligations under Fed. R. Civ. P. 26(e), to amend their disclosures as new information becomes available. The Parties have conferred in order to present jointly this Joint Planning and Scheduling Report addressing each of the items set forth in the Court's Order Setting Initial Planning and Scheduling Conference.

1. **Plain statement of the nature of the claim and any counterclaims, crossclaims or third-party claim, including the amount of damages claimed and any other relief sought:**

Plaintiff claims that Defendants manufacture a "stromal vascular fraction" product (the "SVF product") from patients' adipose (fat) tissue intended for use in the treatment, cure, or mitigation of various diseases and conditions for which the SVF product is not approved. Plaintiff contends that Defendants' SVF product is subject to regulation under the FDCA, including the FDCA's Current Good Manufacturing Practice ("CGMP") regulations and the FDCA's adulteration and misbranding provisions. Defendants contend that the FDA lacks jurisdiction under the FDCA and the U.S. Constitution to regulate the SVF product, and that the product is exempt from such regulation through the operation of either 21 C.F.R. § 1271.10(a) or 21 C.F.R. § 1271.15(b).

Plaintiff brings this statutory injunction proceeding pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 332(a), to enjoin Defendants from violating 21 U.S.C. § 331(k) by causing articles of drug to become adulterated within the meaning of 21 U.S.C. § 351(a)(2)(B), and misbranded within the meaning of 21 U.S.C. § 352(f)(1) while held for sale after shipment of the drugs or one or more of their components in interstate commerce.

Plaintiff also seeks that the US Food and Drug Administration ("FDA") be authorized to inspect Defendants' places of business and all records relating to the receipt, manufacture, processing, packing, labeling, holding, and distribution of any drug and/or drug component to

ensure continuing compliance with the terms of the injunction, with the costs of such inspections to be borne by Defendants as well as costs and other such relief as the Court deems just and proper, including equitable monetary relief.

2. **Brief summary of the facts which are uncontested or which can be stipulated to without discovery:**

The parties continue to work towards a set of facts that can be stipulated to without discovery.

3. **Brief summary of the issues as presently known:**

The issues as presently known, based on the Complaint and Defendants' Answer, are:

A. Whether Defendants' SVF product is a "drug" within the meaning of the FDCA, 21 U.S.C. § 321(g)(1)(B), (C), and relevant regulations, 21 C.F.R. § 201.128.

B. Whether Defendants' SVF product is a "prescription drug" within the meaning of the FDCA, 21 U.S.C. § 353(b)(1)(A).

C. Whether Defendants' SVF product is a "new drug" within the meaning of the FDCA, 21 U.S.C. § 321(p)(1); and whether the SVF product is also a "new drug" within the meaning of 21 U.S.C. § 321(p)(2).

D. Whether, in addition to being a drug and biological product, Defendants' SVF product falls within the definition of "human cells, tissues, or cellular or tissue-based products" ("HCT/Ps") defined as "articles containing or consisting of human cells or tissues that are intended for implantation, transplantation, infusion, or transfer into a human recipient." 21 C.F.R. § 1271.3(d).

E. Whether Defendants' SVF product meets all of the criteria in 21 C.F.R. § 1271.10(a) for regulation solely under the Public Health Service Act ("PHSA") and 21 C.F.R. Part 1271.

F.  Whether Defendants' SVF product qualifies for the "same surgical exception" in 21 C.F.R. § 1271.15(b).

G.  Whether FDA lacks jurisdiction under the FDCA, the U.S. Constitution, or otherwise to regulate the SVF product.

H.  Whether records collected during FDA inspections documenting Defendants' manufacture of the SVF product showed that the methods used in, and the facilities and controls used for, the manufacture, processing, packing, and holding of Defendants' SVF product do not conform to and are not operated or administered in conformity with CGMP.  *See* 21 U.S.C. § 351(a)(2)(B) and 21 C.F.R. Parts 210-211; *see also* 21 C.F.R. Parts 600-680 (setting forth additional standards and manufacturing requirements applicable to biological products).

I.  Whether records collected during FDA inspections show Defendants' SVF product is adulterated within the meaning of the FDCA, 21 U.S.C. § 351(a)(2)(B).

J.  Whether records collected during FDA inspections show Defendants' SVF product is misbranded within the meaning of the FDCA, 21 U.S.C. § 352(f)(1).

K.  Whether Defendants violate 21 U.S.C. § 331(k) by causing the adulteration of the SVF product within the meaning of 21 U.S.C. § 351(a)(2)(B).

L.  Whether Defendants violate 21 U.S.C. § 331(k) by causing the misbranding of the SVF product within the meaning of 21 U.S.C. § 352(f)(1).

**4.  Whether discovery should be conducted in phases or limited to particular issues:**

Because the contested matters in this case involve the largely legal issues of interpreting and applying the FDCA and its implementing regulations, the Parties propose that discovery should be conducted in phases in accordance with the schedule in the Parties' Proposed Scheduling Order, attached as Ex. A.  The Parties propose that the first phase of discovery will

consist of Plaintiffs disclosing to Defendants documents and records related to FDA's inspections of Defendants' facilities that occurred between April 10 and May 11, 2017, as well as a round of interrogatories and requests for admission from each party to the extent necessary to address material facts in dispute. The Parties agree that a limited phase of discovery should likely enable the Parties to fully brief dispositive Motions for Summary Judgment framing these issues for the Court. An additional phase of discovery, to the extent it is even necessary to address material facts in dispute, would involve document requests and depositions.

5. **Detailed schedule of discovery for each party:**

The Parties propose that discovery should be conducted in phases in accordance with the schedule in the Parties' Proposed Scheduling Order, attached as Ex. A. Significant pretrial deadlines are included here:

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Phase 1 Discovery Begins | July 27, 2018 |
| Cut-off date for adding parties or amending pleadings without leave of Court | October 25, 2018 |
| All Phase 1 discovery must be completed by: | December 2, 2018 |
| Disclosure of Expert Report(s): | December 21, 2018 |
| All Phase 2 discovery must be completed by: | February 8, 2019 |
| All motions including judgment motions, motions related to summary judgment motions and *Daubert* motions must be filed by: | March 11, 2019 |
| Joint Final Pretrial Statement, Jury Instructions, Joint Pretrial Stipulation(s), and Proposed Findings of Fact and Conclusions of Law must be filed by: | March 29, 2019 |
| All other Motions, including Motions in Limine directed towards trial evidence must be filed by: | March 29, 2019 |

6. **Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions, and to complete discovery:**

Because the contested matters in this case involve the largely legal issues of interpreting and applying the FDCA and accompanying regulations, the Parties have agreed that this case should be set on the standard case management track pursuant to Local Rule 16.1(a)(2)(B).

5

Therefore, the Parties agree that the schedule set forth in the Proposed Scheduling Order, attached as Ex. A, should govern the timeframe in which to join additional parties, amend pleadings, file and hear motions, and complete discovery.

7. **Proposed approximate dates for final pre-trial conferences and trial:**

The Parties have agreed that this case should be set on the standard case management track pursuant to Local Rule 16.1(a)(2)(B). Therefore, the Parties agree that the schedule set forth in the Proposed Scheduling Order, attached as Ex. A, should govern the timeframe for the final pre-trial conference and trial.

8. **Projected time necessary for trial and a statement of whether the case is jury or non-jury trial:**

Plaintiff does not request a jury trial. Defendants reserve the right to a jury trial as permitted by law. The Parties expect the trial to take 3-4 days.

9. **A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective position with respect to each ripe motion:**

There are currently no motions before the Court.

10. **Unique legal or factual aspects of the case requiring special consideration by the Court:**

The facts of this case are largely uncontested. This matter hinges on the legal questions of whether the FDA has jurisdiction under the FDCA and U.S. Constitution to regulate Defendants' SVF product, including, but not limited to, whether the product: (1) qualifies for the exception under Section 1271.15, or (2) meets all of the criteria under Section 1271.10(a). Plaintiff contends that a short period of discovery will enable the Parties to fully brief dispositive Motions for Summary Judgment framing these issues for the Court.

In the event that discovery should need to proceed beyond the resolution of any Motions for Summary Judgment, the government on behalf of the FDA anticipates filing a protective

6

order for any depositions of FDA personnel not involved in the inspections of Defendants' facilities leading to the instant cause of action. Similarly, the government on behalf of the FDA would anticipate filing a protective order shielding from discovery any agency documents or communications that are covered by any applicable privilege, including the deliberative process privilege.

**11. Potential need for references to a special master or magistrate:**

The Parties have agreed that there is no current need to refer any matters to a special master or magistrate, but the Parties respectfully request that a reference be available should a need arise.

**12. Status and likelihood of settlement:**

Although the parties have discussed settlement at length, a negotiated resolution does not appear likely at this time. Should circumstances change, such as through the Court's resolution of the above legal issues concerning FDA's ability to regulate Defendants' products, the Parties agree to revisit their respective positions with respect to settlement.

**13. Such other matters as are required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action:**

Pursuant to Local Rule 16.1(b)(2)(F), the Parties believe there may be: (1) admissions of fact and of documents, electronically stored information, or things which will avoid unnecessary proof; and (2) stipulations regarding the authenticity of documents, electronically stored information, or things that can be made in this case in order to simplify evidentiary disputes for trial. In this regard, the Parties will present suggestions to this Court at a future date with the goal of avoiding unnecessary proof and cumulative evidence pursuant to Local Rule 16.1(b)(2)(G).

## PLAINTIFF'S SERVICE OF PROCESS REPORT

Plaintiff, by and through its undersigned counsel filed several proofs of service that are of record in this case.  *See* D.E. Nos. 5-8 and 18. Defendants' counsel advised that they represent all of the named Defendants and therefore service of process has been made and/or waived as to each named Defendants.

## PARTIES' ELECTRONICALLY STORED INFORMATION PLAN

The Parties do not expect that there will be significant electronically stored information ("ESI") relevant to the claims and defenses in this case. The Parties have engaged in discussions to develop a plan that is proportional and reasonable in relation to the nature of the complexity of the case, for the preservation, identification and production of the relevant ESI. In accordance with this Court's Order Setting Initial Planning and Scheduling Conference, said plan has been submitted separately, but concurrently, with this Joint Planning and Scheduling Report.

## PARTIES' CERTIFICATION AS TO FED. R. CIV. P. 26(a)(1)-(2)

Pursuant to this Court's Order Setting Initial Planning and Scheduling Conference, the Parties hereby certify that their respective initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)-(2) were made at or before the time that the Parties completed their conference to develop a discovery plan pursuant to Fed. R. Civ. P. 26(f). Both Parties reasonably expect that supplemental disclosures will have to be made pursuant to Fed. R. Civ. P. 26(e).

DATED: July 13, 2018  **Respectfully Submitted,**

By: **s/ Isaac J. Mitrani**  
   **Isaac J. Mitrani**  
   Florida Bar No. 348538  
   **Mitrani, Rynor, Adamsky & Toland, P.A.**  
   301 Arthur Godfrey Road, Penthouse  
   Miami Beach, FL 33140  
   Tel: 305.358.0050  

By: **s/ *Roger J. Gural***  
   **ROGER J. GURAL**  
   **Trial Attorney**  
   **Consumer Protection Branch**  
   **United States Department of Justice**  
   P.O. Box 386  
   Washington, DC  20044

Fax: 305.358.0550
Imitrani@mitrani.com

Tel.: 202.307.0174
Email: **Roger.Gural@usdoj.gov**

*Counsel for United States of America*

**Todd A. Harrison** (admitted pro hac vice)
**Todd H. Halpern** (admitted pro hac vice)
**Stephen R. Freeland** (admitted pro hac vice)
**Mary M. Gardner** (admitted pro hac vice)
**Venable LLP**
600 Massachusetts Avenue NW
Washington, DC 20001

*Attorneys for Defendants*
US Stem Cell Clinic, LLC, US Stem Cell, Inc.,
Kristin C. Comella and Theodore Gradel

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 13th day of July, 2018, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: s/ *Roger J. Gural*
**ROGER J. GURAL**
**Trial Attorney**
**Consumer Protection Branch**
**United States Department of Justice**

*Counsel for United States of America*

## SERVICE LIST

Roger J. Gural
Trial Attorney
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC 20044
*Roger.Gural@usdoj.gov*
*Counsel for United States of America*

James A. Weinkle
Assistant United States Attorney
Office of the United States Attorney
99 N.E. 4th Street, Suite 300
Miami, FL 33132
*James.Weinkle@usdoj.gov*
*Counsel for United States of America*

*Of Counsel:*

Rebecca K. Wood
Chief Counsel
Food and Drug Administration

Perham Gorji
Deputy Chief Counsel for Litigation

Isaac J. Mitrani
Mitrani, Rynor, Adamsky & Toland, P.A.
301 Arthur Godfrey Road, Penthouse
Miami Beach, FL 33140
Tel: 305.358.0050
Fax: 305.358.0550
*Imitrani@mitrani.com*

Todd A. Harrison (admitted pro hac vice)
Todd H. Halpern (admitted pro hac vice)
Stephen R. Freeland (admitted pro hac vice)
Mary M. Gardner (admitted pro hac vice)
Venable LLP
600 Massachusetts Avenue NW
Washington, DC 20001
*Counsel for Defendants US Stem Cell Clinic, LLC, US Stem Cell, Inc., Kristin C. Comella and Theodore Gradel*

Michael D. Helbing
Associate Chief Counsel for Enforcement
United States Dept. of Health and Human Services
Office of the General Counsel
White Oak 31, Room 4426A
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002