UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 18-61047-CIV-UNGARO/O'SULLIVAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

US STEM CELL CLINIC, LLC, et al.,

        Defendants.

## JOINT RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, the UNITED STATES OF AMERICA ("Plaintiff" or the "United States") and Defendants US STEM CELL CLINIC, LLC, US STEM CELL, INC., KRISTIN C. COMELLA, and THEODORE GRADEL ("Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"), by and through undersigned counsel hereby file their response to the Court's Order to Show Cause (D.E. 27).

## DISCUSSION

The Parties proposed a phased approach to discovery (D.E. 22) because the facts of this case are largely (although not completely) uncontested. The dispute among the Parties hinges on the statutory interpretation of the Food, Drug, and Cosmetic Act ("FDCA") and its attendant regulations.[1] Because the Parties believe that this case largely involves legal questions rather

---

[1] As the parties set forth in their joint proposed discovery schedule, D.E. 22 at 6, the legal questions at issue are whether Defendants' SVF product is subject to regulation under the FDCA, including the FDCA's Current Good Manufacturing Practice ("CGMP") regulations and the FDCA's adulteration and misbranding provisions. Defendants contend that the FDA lacks jurisdiction under the FDCA and the U.S. Constitution to regulate the SVF product, including

than factual disputes, the Parties believed that an initial phase of limited discovery would likely enable the Parties to file motions for summary judgment while at the same time conserving the Parties' resources by not taking or defending depositions or responding to requests for production. Out of an abundance of caution, however, the Parties proposed an additional phase of discovery involving depositions and requests for production should genuine issues of fact precluding summary judgment remain after the first phase of discovery. In response to the Court's Order to Show Cause, the Parties have outlined below specifically their discovery plan and what discovery they seek to conduct at each phase of the discovery process.

In the alternative, should the Court disagree that a phased approach to discovery is warranted, the Parties propose the alternative discovery schedule in section 2 below.

1. **The Parties' proposed discovery schedule:**

During the first phase, with respect to all claims and defenses, the Parties propose that they may serve requests for admissions and interrogatories. The United States will also produce to Defendants documents and records related to FDA's inspections of Defendants' facilities that occurred between April 10 and May 11, 2017.

The Parties propose that during the second phase, with respect to any remaining genuine issues of material fact, they would conduct depositions and exchange requests for production, as necessary. The specific deadlines and types are discovery of set forth below:

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Phase 1 Discovery Begins (all claims and defenses):<br>Requests for Admissions<br>Interrogatories | August 10, 2018<br>(First day Requests for Admission and Interrogatories may be served) |

---

that the product is exempt from such regulation through the operation of either 21 C.F.R. § 1271.10(a) or 21 C.F.R. § 1271.15.

| | |
|---|---|
| Production to Defendants of documents and records related to FDA's inspections of Defendants' facilities that occurred between April 10 and May 11, 2017 | August 31, 2018 |
| Cut-off date for adding parties or amending pleadings without leave of Court: | October 25, 2018 |
| All Phase 1 discovery must be completed by: | December 2, 2018 |
| Phase 2 Discovery Begins (remaining issues of material fact): Depositions and Requests for Production (as needed) | December 2, 2018 (First day Requests for Production and Deposition Notices may be served) |
| Disclosure of Expert Report(s): | December 21, 2018 |
| All Phase 2 discovery must be completed by: | February 8, 2019 |
| All motions including judgment motions, motions related to summary judgment, and *Daubert* motions must be filed by: | March 11, 2019 |
| Joint Final Pretrial Statement, Jury Instructions, Joint Pretrial Stipulation(s), and Proposed Findings of Fact and Conclusions of Law must be filed by: | March 29, 2019 |
| All other Motions, including Motions in Limine directed towards trial evidence must be filed by: | March 29, 2019 |

2. **The Parties' proposed alternative proposed discovery schedule:**

Should the Court determine phased discovery is not in the best interest of efficient use of judicial resources, under the following alternative proposed schedule, there are no phases involved and the Parties would conduct discovery with respect to all claims and defenses. The United States will also produce to Defendants documents and records related to FDA's inspections of Defendants' facilities that occurred between April 10 and May 11, 2017.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Discovery Begins (all claims and defenses): | August 10, 2018 |
| Cut-off date for adding parties or amending pleadings without leave of Court: | October 25, 2018 |
| Disclosure of Expert Report(s): | December 21, 2018 |
| Discovery must be completed by: | February 8, 2019 |
| All motions including judgment motions, motions related to summary judgment, and *Daubert* motions must be filed by: | March 11, 2019 |
| Joint Final Pretrial Statement, Jury Instructions, Joint Pretrial Stipulation(s), and Proposed Findings of Fact and Conclusions of Law must be filed by: | March 29, 2019 |
| All other Motions, including Motions in Limine directed towards trial evidence must be filed by: | March 29, 2019 |

DATED: August 8, 2018

By: **s/ Isaac J. Mitrani**
    **Isaac J. Mitrani**
    Florida Bar No. 348538
    **Mitrani, Rynor, Adamsky & Toland, P.A.**
    301 Arthur Godfrey Road, Penthouse
    Miami Beach, FL 33140
    Tel: 305.358.0050
    Fax: 305.358.0550
    Imitrani@mitrani.com

**Todd A. Harrison** (admitted pro hac vice)
**Todd H. Halpern** (admitted pro hac vice)
**Stephen R. Freeland** (admitted pro hac vice)
**Mary M. Gardner** (admitted pro hac vice)
**Venable LLP**
600 Massachusetts Avenue NW
Washington, DC 20001

*Attorneys for Defendants*
US Stem Cell Clinic, LLC, US Stem Cell, Inc.,
Kristin C. Comella and Theodore Gradel

**Respectfully Submitted,**

By: **s/ *Roger J. Gural***
    **ROGER J. GURAL**
    **Trial Attorney**
    **Consumer Protection Branch**
    **United States Department of Justice**
    P.O. Box 386
    Washington, DC 20044
    Tel.: 202.307.0174
    Email: **Roger.Gural@usdoj.gov**

**James A. Weinkle**
**Assistant United States Attorney**
**Office of the United States Attorney**
99 N.E. 4th Street, Suite 300
Miami, FL 33132
James.Weinkle@usdoj.gov

*Counsel for United States of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of August, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

> By: s/ *Roger J. Gural*
> **ROGER J. GURAL**
> **Trial Attorney**
> **Consumer Protection Branch**
> **United States Department of Justice**
>
> *Counsel for United States of America*

## SERVICE LIST

Roger J. Gural
Trial Attorney
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC 20044
*Roger.Gural@usdoj.gov*
*Counsel for United States of America*

James A. Weinkle
Assistant United States Attorney
Office of the United States Attorney
99 N.E. 4th Street, Suite 300
Miami, FL 33132
*James.Weinkle@usdoj.gov*
*Counsel for United States of America*

Of Counsel:

Rebecca K. Wood
Chief Counsel
Food and Drug Administration

Perham Gorji
Deputy Chief Counsel for Litigation

Isaac J. Mitrani
Mitrani, Rynor, Adamsky & Toland, P.A.
301 Arthur Godfrey Road, Penthouse
Miami Beach, FL 33140
Tel: 305.358.0050
Fax: 305.358.0550
*Imitrani@mitrani.com*

Todd A. Harrison (admitted pro hac vice)
Todd H. Halpern (admitted pro hac vice)
Stephen R. Freeland (admitted pro hac vice)
Mary M. Gardner (admitted pro hac vice)
Venable LLP
600 Massachusetts Avenue NW
Washington, DC 20001
*Counsel for Defendants US Stem Cell Clinic, LLC, US Stem Cell, Inc., Kristin C. Comella and Theodore Gradel*

Michael D. Helbing
Associate Chief Counsel for Enforcement
United States Dept. of Health and Human Services
Office of the General Counsel
White Oak 31, Room 4426A
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002