**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO.: 18-61047-CIV-UNGARO/O'SULLIVAN**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**US STEM CELL CLINIC, LLC, a Florida limited liability company,**
**US STEM CELL, INC., a Florida profit corporation, and**
**KRISTIN C. COMELLA, individual,**

    **Defendants.**

**DEFENDANTS US STEM CELL, INC., US STEM CELL CLINIC, LLC, AND KRISTIN C. COMELLA'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to LR 16.1(k), Defendants US Stem Cell Clinic, LLC ("USSCC"), US Stem Cell, Inc., and individual Kristin C. Comella (collectively, "Defendants") hereby file the following Proposed Findings of Fact and Conclusions of Law.

**I.  PROPOSED FINDINGS OF FACT**

    **a.  US Stem Cell Clinic, LLC and its SVF Surgical Procedure**

1. Defendant US Stem Cell Clinic, LLC, ("USSCC") is a Florida limited liability company founded in 2014, with its principal place of business located at 1290 Weston Road, Suite 203a, Weston, FL 33326, within the jurisdiction of this Court.

2. Licensed healthcare professionals at USSCC administer stromal vascular fraction ("SVF") to the same patient from whom the SVF was recovered during a single procedure on a single day (the "SVF Surgical Procedure").

3. Defendants intend the SVF Surgical Procedure to provide a regenerative benefit to patients.

4. Defendants' SVF Surgical Procedure is intended for "autologous" use in patients, which means the "implantation, transplantation, infusion, or transfer of human cells or tissue back into the individual from whom the cells or tissue were recovered."  21 C.F.R. § 1271.3(a).

5. Under Defendants' current procedures, the SVF Surgical Procedure involves the isolation of SVF from adipose tissue, which naturally includes SVF cells, from patients in dedicated examination rooms located at USSCC's Weston, Florida facility.
6. The tissue recovery is accomplished by a mini-liposuction procedure, whereby a syringe is used to recover adipose tissue, including the SVF cells contained therein.
7. Defendants add a digestive enzyme to the tissue to isolate cell components through enzymatic digestion.
8. The SVF Surgical Procedure then uses a centrifuge to isolate the SVF from unwanted portions of the adipose tissue.
9. The centrifuge used in the SVF procedure separates cellular components from the extracellular matrix of the adipose tissue.
10. The SVF Surgical Procedure involves suspension of the patient's SVF in a sterile saline solution.
11. Saline is a crystalloid.

    **b. The SVF Surgical Procedure does not affect the relevant biological characteristics or functions of the SVF cells, nor does it otherwise alter or change the SVF cells in any relevant way**

12. Adipose tissue contains stromal and vascular cells ("SVF"), as well as adipocytes and extracellular matrix.
13. SVF cells include—both before and after isolation and re-implantation—stromal and vascular cells, including adipose stem cells, hematopoietic stem cells, pericytes, endothelial/progenitor cells, white blood cells, and fibroblasts, as well as an extracellular matrix.
14. SVF cells are human cells, tissues, or cellular or tissue-based products. 21 C.F.R. § 1271.3(d).
15. The digestive enzyme used in Defendants' SVF Surgical Procedure does not create a new cell or alter the relevant biological characteristics or functions of the SVF cells or otherwise alter or change the SVF cells in any relevant manner.
16. The centrifuge used in the SVF procedure does not create a new cell or alter the relevant biological characteristics or functions of the SVF cells or otherwise alter or change the SVF cells in any relevant manner.

17. The SVF Surgical Procedure does not change the relevant biological characteristics of the SVF cells, nor does it convert the SVF cells into a new substance or otherwise alter or change the SVF cells in any relevant manner.

### c. The SVF Surgical Procedure does no more than minimally manipulate the SVF cells

18. Adipose tissue has several original characteristics, including, but not limited to, regenerative characteristics.
19. SVF cells naturally contained in the adipose tissue have regenerative characteristics.
20. The original regenerative characteristics of the adipose tissue and SVF cells naturally occurring in the SVF cells are maintained in the adipose-derived stem cells post-SVF Surgical Procedure.
21. The SVF Surgical Procedure has no impact on the relevant biological characteristics of the SVF cells, as they continue to provide the regenerative impact that they provided before isolation from the adipose tissue.

## II. PROPOSED CONCLUSIONS OF LAW

1. Under the FDCA, a "drug" includes any article that is "intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease," 21 U.S.C. § 321(g)(1)(B), or that is "intended to affect the structure or any function of the body," 21 U.S.C. § 321(g)(1)(C).
2. Under the PHSA, a "biological product" includes any "virus, therapeutic serum, toxin, antitoxin, vaccine, blood, blood component or derivative, allergenic product, protein (except any chemically synthesized polypeptide), or analogous product . . . applicable to the prevention, treatment, or cure of a disease or condition of human beings." 42 U.S.C. § 262(i).
3. Certain establishments are exempt from regulation under the FDCA and the PHSA pursuant to 21 C.F.R. § 1271.15(b).
4. Specifically, "an establishment that removes HCT/P's from an individual and implants such HCT/P's into the same individual during the same surgical procedure" is exempt from all regulation by the FDA. 21 C.F.R. § 1271.15(b), 1271.20.
5. To the extent that the Plaintiff has brought this enforcement action in reliance on FDA Guidance For Industry:  Same Surgical Procedure Exception under 21 CFR 1271.15(b): Questions and Answers Regarding the Scope of the Exception, that reliance is invalid as a matter of law and in violation of the Administrative Procedure Act.

6. Defendants and the SVF Surgical Procedure qualify for the exemption from regulation by the FDA set forth at 21 C.F.R. § 1271.15(b).

7. Defendants' SVF Surgical Procedure is, accordingly, not regulated as a drug or biological product under the FDCA or the PHSA and is not subject to any provisions of the FDCA and the PHSA, including the FDCA's adulteration, misbranding, and premarket approval requirements. 21 C.F.R. § 1271.20.

8. Plaintiff's request for injunctive relief is denied, and Plaintiff shall recover nothing, the action is dismissed on the merits, and the court reserves jurisdiction to award reasonable attorneys' fees and costs to Defendants.

### III. ALTERNATIVE PROPOSED CONCLUSIONS OF LAW SHOULD THE COURT DETERMINE THE DEFENDANTS' SVF SURGICAL PROCEDURE IS NOT EXEMPT FROM ALL REGULATION BY THE FDA PURSUANT TO 21 C.F.R. § 1271.15(b).

1. Under the FDCA, a "drug" includes any article that is "intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease," 21 U.S.C. § 321(g)(1)(B), or that is "intended to affect the structure or any function of the body," 21 U.S.C. § 321(g)(1)(C).

2. Under the PHSA, a "biological product" includes any "virus, therapeutic serum, toxin, antitoxin, vaccine, blood, blood component or derivative, allergenic product, protein (except any chemically synthesized polypeptide), or analogous product . . . applicable to the prevention, treatment, or cure of a disease or condition of human beings." 42 U.S.C. § 262(i).

3. Certain establishments are exempt from regulation under the FDCA and the PHSA pursuant to 21 C.F.R. § 1271.15(b).

4. An establishment that does not satisfy the criteria established in 21 C.F.R. § 1271.15(b) will still be exempt from regulation under the FDCA, if the establishment meets the criteria set forth in 21 C.F.R. § 1271.10(a).

5. An establishment that meets the four criteria set forth in 21 C.F.R. § 1271.10(a) is regulated solely under section 361 of the PHSA (42 U.S.C. § 264) and the regulations in 21 C.F.R. Part 1271, and not under the FDCA and section 351 of the PHSA (42 U.S.C. § 262). *See* 21 C.F.R. § 1271.20.

6. The first criterion in 21 C.F.R. § 1271.10(a) is that the HCT/P be only "minimally manipulated." 21 C.F.R. § 1271.10(a)(1).

7. For structural tissue, "minimal manipulation" means processing that does not alter the original relevant characteristics of the tissue relating to the tissue's utility for reconstruction, repair, or replacement. 21 C.F.R. § 1271.3(f)(1).

8. For cells or nonstructural tissues, "minimal manipulation" means processing that does not alter the relevant biological characteristics of cells or tissues. 21 C.F.R. § 1271.3(f)(2).

9. The second criterion in 21 C.F.R. § 1271.10 is that the HCT/P be "intended for homologous use only, as reflected by the labeling, advertising, or other indications of the manufacturer's objective intent." 21 C.F.R. § 1271.10(a)(2).

10. "Homologous use" means "the repair, reconstruction, replacement, or supplementation of a recipient's cells or tissues with an HCT/P that performs the same basic function or functions in the recipient as in the donor." 21 C.F.R. § 1271.3(c).

11. The third criterion in 21 C.F.R. § 1271.10 is that the manufacture of HCT/P not involve the "combination of the cells or tissues with another article, except for water, crystalloids, or a sterilizing, preserving, or storage agent, provided that the addition of water, crystalloids, or the sterilizing, preserving, or storage agent does not raise any new clinical safety concerns with respect to the HCT/P." 21 C.F.R. § 1271.10(a)(3).

12. If the HCT/P has an autologous use, it meets the final criterion in 21 C.F.R. § 1271.10. 21 C.F.R. § 1271.10(a)(4).

13. Defendants and the SVF Surgical Procedure qualify for the exception from regulation under the FDCA pursuant to 21 C.F.R. § 1271.10(a).

14. Defendants' SVF Surgical Procedure is, accordingly, not regulated as a drug or biological product under the FDCA and is not subject to any provisions of the FDCA, including the FDCA's adulteration, misbranding, and premarket approval requirements. 21 C.F.R. § 1271.20.

Dated: March 29, 2019                       Respectfully submitted,

                                            /s/ Isaac J. Mitrani
                                            Isaac J. Mitrani
                                            Florida Bar No. 348538
                                            Loren H. Cohen
                                            Florida Bar No. 303879
                                            MITRANI, RYNOR,
                                            ADAMSKY & TOLAND, P.A.

        301 Arthur Godfrey Road, Penthouse
        Miami Beach, FL 33140
        Tel.:    305-358-0050
        Fax:   305-358-0050
        imitrani@mitrani.com
        lcohen@mitrani.com
        dbitran@mitrani.com
        ctenn@mitrani.com
        miamidocketing@mitrani.com

        Todd A. Harrison (admitted pro hac vice)
        Todd H. Halpern (admitted pro hac vice)
        Stephen R. Freeland (admitted pro hac vice)
        Mary M. Gardner (admitted pro hac vice)
        Venable LLP
        600 Massachusetts Avenue NW
        Washington, DC 20001

        *Attorneys for Defendants US Stem Cell Clinic, LLC, US Stem Cell, Inc., Kristin C. Comella and Theodore Gradel*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 29, 2019, a true and correct copy of the foregoing Defendants' Proposed Findings of Fact and Conclusions of Law was filed with the Clerk of the Court via CM/ECF and the CM/ECF system will send a notice of electronic filing to all counsel and parties of record listed on the Service List Below.

*/s/ Isaac J. Mitrani*
Isaac J. Mitrani
Florida Bar No. 348538
MITRANI, RYNOR,
ADAMSKY & TOLAND, P.A.
301 Arthur Godfrey Road, Penthouse
Miami Beach, FL  33140
Tel.:    305-/358-0050
Fax:    305/358-0050
imitrani@mitrani.com
dbitran@mitrani.com
ctenn@mitrani.com
miamidocketing@mitrani.com

*Attorneys for Defendants US Stem Cell Clinic, LLC, US Stem Cell, Inc., Kristin C. Comella and Theodore Gradel*

## SERVICE LIST

Roger J. Gural
Trial Attorney
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC  20044
*Roger.gural@usdoj.gov*

*Counsel for United States of America*

*Of Counsel:*

Rebecca K. Wood
Chief Counsel
Food and Drug Administration

Perham Gorji
Deputy Chief Counsel for Litigation

Michael D. Helbing
Associate Chief Counsel for Enforcement
United States Dept. of Health and Human Services
Office of the General Counsel
White Oak 31, Room 4426A
10903 New Hampshire Avenue
Silver Spring, MD  20993-0002

James A. Weinkle
Assistant United States Attorney
Office of the United States Attorney
99 N.E. 4th Street, Suite 300
Miami, FL  33132
*james.weinkle@usdoj.gov*

*Counsel for United States of America*