**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO.: 18-61047-CIV-UNGARO/O'SULLIVAN**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       v.

**US STEM CELL CLINIC, LLC, a Florida limited liability company,**
**US STEM CELL, INC., a Florida profit corporation, and**
**KRISTIN C. COMELLA and**
**THEODORE GRADEL, individuals,**

       **Defendants.**

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE**
**TESTIMONY OF ANECDOTAL SAFETY AND/OR EFFICACY**

Plaintiff, United States of America, by and through its undersigned counsel and pursuant to Rule 403, Federal Rules of Evidence, hereby moves for an Order *In Limine* limiting any anecdotal testimony of Defendants' witnesses regarding safety and/or efficacy on the grounds that such testimony is wholly irrelevant to any issue of fact or law in this action and could only serve to mislead and confuse the finder of fact. In support thereof, Plaintiff states as follows:

**PROCEDURAL HISTORY**

1. On May 9, 2018, the United States filed its Complaint (D.E. 1) pursuant to the Food, Drug, and Cosmetic Act ("FDCA") seeking to restrain Defendants US Stem Cell Clinic, LLC, US Stem Cell, Inc., and individuals Kristin C. Comella and Theodore Gradel from violating 21 U.S.C. § 331(k) by causing articles of drug to become adulterated within the meaning of 21 U.S.C. § 351(a)(2)(B), and misbranded within the meaning of 21 U.S.C. § 352(f)(1) while held for sale after shipment of the drugs or one or more of their components in interstate commerce.

2. On July 6, 2018, Plaintiff received Defendants' initial disclosures. Those disclosures only identified Defendant Comella and two FDA employees as individuals with

knowledge relating to the claims, defenses, and events at issue in this action. Defs.' Initial Discl. at 2.

3. On August 3, 2018, Defendants filed their Answer (D.E. 26) claiming the affirmative defense, among others, that "the SVF procedure falls within the 'same surgical procedure exception.'" Ans. at 10.

## LEGAL STANDARD

Under a motion *in limine*, evidence is excluded "only if the evidence is clearly inadmissible for any purpose." *Acevedo v. NCL (Bahamas) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017) (citing *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007)). Under FRE 401, "evidence is relevant if it has the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Dallis v. Aetna Life Ins. Co.*, 768 F.2d 1303, 1305 (11th Cir. 1985). Under FRE 403, a district court can exclude relevant evidence "if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues or misleading the jury. *Dallis*, 768 F.2d at 1305. Rule 403 is "an extraordinary remedy which the district court should invoke sparingly." *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) (citing *United States v. Elkins*, 885 F.2d 775, 784 (11th Cir. 1989)). Lastly, the district court should view the evidence "in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.*

## ARGUMENT

The parties fundamentally disagree whether the SVF product is subject to FDA oversight. Plaintiff contends that SVF is subject to regulation under the FDCA, including the FDCA's adulteration and misbranding provisions. Compl. at 1. On the other hand, Defendants claim that the procedures performed at its establishment are "regulated by the Florida Board of Medicine." Defs.' Corrected Oppn. to Pl.'s Mot. for Summ. J. at 5. In neither situation will anecdotal testimony of safety and/or effectiveness, by patients, treating physicians, or others, establish any fact that is of consequence to the resolution of this action.

First, evidence of safety and/or efficacy, anecdotal or otherwise, does nothing to answer the legal question of whether or not the SVF product is subject to FDA regulation. That question largely hinges on the two exceptions that Defendants claim apply to their activities—neither of

which is affected by a determination of the safety or efficacy of the underlying product. *See, e.g.*, Pl.'s Mot. for Summ. J. (D.E. 42) at 5-6, 20-23.

Second, should FDA regulations apply, neither safety nor efficacy is an element of the adulteration charges here. Generally, to prove a charge of adulteration, the government must show that: (1) the SVF product is a drug; (2) the SVF product was held for sale after the SVF product or one or more of its components had moved in interstate commerce; and (3) Defendants performed, or caused to be performed, one or more acts which resulted in the SVF product being adulterated (such as failing to comply with CGMP).

To prove a charge of misbranding, the government must show that: (1) the SVF product is a drug; (2) the SVF product was held for sale after the SVF product or one of its components had moved in interstate commerce; and (3) Defendants performed, or caused to be performed, one or more acts which resulted in the SVF product being misbranded. Although the government's misbranding charge is based on a lack of adequate directions for use, which may depend on data about the product's safety and/or effectiveness, *see, e.g.*, Pl.'s Mot. for Summ. J. (D.E. 42) at 16-20 (discussing that safety and effectiveness data are relevant to some, but not all, of the government's theories of misbranding), those directions must be based on data derived from *well-controlled scientific testing*. *See United States v. Undetermined Quantities of Articles of Drug,* 145 F. Supp. 2d 692, 702 (D. Md. 2001) ("Essentially, in the absence of investigations or clinical data demonstrating the safety and efficacy of the drugs, there can be no adequate instruction for their *safe* use."); *United States v. Miami Serpentarium Labs., Inc.*, 1981-82 FDC L. Rptr. Dev. Trans. Binder ¶ 38,164 at 38,931 (S.D. Fla. Mar. 30, 1982) ("Adequate directions for use—including indications, contraindications, dosages, routes of administration, warnings, side effects, and necessary collateral measures—are premised on a body of animal and clinical data derived from extensive, scientifically controlled testing."). It is also a bedrock principle of FDCA law that anecdotal evidence is insufficient to demonstrate safety and efficacy. *See, e.g.*, 21 C.F.R. § 314.126 ("Reports of adequate and well-controlled investigations provide the primary basis for determining whether there is 'substantial evidence' to support the claims of effectiveness for new drugs."). Thus, any anecdotal evidence that Defendants' witnesses may provide, particularly about their experiences with Defendants' SVF product, is irrelevant to the resolution of any question of law that must be decided.

Third, there is no need to weigh any anecdotal evidence of safety and/or efficacy, because this action does not concern a drug approval decision by FDA; Defendants have not submitted any new drug applications or biologics license applications to FDA, and now is not the time to conduct a mini-trial about an approval that has neither been sought nor granted.

Finally, if Defendants are *not* subject to FDA regulation—a contention that Plaintiff denies—the Florida Board of Medicine is not a party to this action.  Therefore, there is no need to conduct a mini-trial to attempt to show compliance with as-of-yet unspecified State of Florida safety or medical regulations—especially when the Board's position on Defendants' compliance is unknown, and in any event, not charged in this action and unnecessary to resolving this action.

## CONCLUSION

Because anecdotal testimony of efficacy or safety will not resolve any relevant factual or legal matter at issue in this case, and because such testimony will inevitably lead to confusing the issues and misleading the finder of fact, such testimony should not be allowed at trial.

## LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned Trial Attorney, counsel for Plaintiff, United States, hereby certifies that he has conferred with Ms. Mary Gardner, Esq., counsel for Defendants, and is authorized to represent that the Defendants oppose the relief requested in this motion.

DATED: March 29, 2019.             **Respectfully Submitted,**

**ARIANA FAJARDO ORSHAN**
**UNITED STATES ATTORNEY**

**JAMES A. WEINKLE**
**Assistant United States Attorney**
Florida Bar No. 0710891
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel.: 305.961.9290
Email: James.Weinkle@usdoj.gov

**JOSEPH H. HUNT**
**Assistant Attorney General**

**JAMES M. BURNHAM**
**Deputy Assistant Attorney General**
**Civil Division**

**GUSTAV W. EYLER**
**Acting Director**
**Consumer Protection Branch**

**ALAN PHELPS**
**Assistant Director**

**ROGER J. GURAL**
**Roger J. Gural**
**Trial Attorney**
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC  20044
Tel.: 202.307.0174
Email: roger.gural@usdoj.gov

*Counsel for United States of America*