UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 18-CV-61047

UNITED STATES OF AMERICA,

      Plaintiff,

v.

US STEM CELL CLINIC, LLC, a Florida limited liability company,
US STEM CELL, INC., a Florida profit corporation, and
KRISTIN C. COMELLA and
THEODORE GRADEL, individuals,

      Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF ANECDOTAL SAFETY AND/OR EFFICACY**

Defendants US Stem Cell Clinic, LLC ("USSCC"), US Stem Cell, Inc., and individual Kristin C. Comella (collectively, "Defendants") hereby oppose Plaintiff's motion in limine to exclude anecdotal testimony from Defendants' witnesses regarding the safety and/or efficacy of the Defendants' SVF Surgical Procedure at issue in this action.

**I.  PLAINTIFF'S MOTION IN LIMINE SEEKS TO IMPROPERLY USURP THIS COURT'S DISCRETION TO WEIGH ALL RELEVANT EVIDENCE**

Plaintiff asks this Court to exclude certain testimony regarding the safety and efficacy of the surgical procedure at issue here. Specifically, Plaintiff argues that this testimony should be excluded because any probative value presented "is substantially outweighed by danger of unfair prejudice, confusing the issues, [or] misleading the *jury*." *Chavez v. Arancedo*, No. 17-20003-Civ-TORRES, 2018 WL 4627302 (S.D. Fla. Sept. 26, 2018) (citing Fed. R. Evid. 403) (emphasis added).

This argument is wholly unavailing as this is a bench trial—not a jury trial. Thus, any concerns of unfair prejudice, confusion of the issues, and misleading the jury are not present. Indeed, exclusion of evidence on the basis of "unfair prejudice," as Plaintiff seeks here, is considered a "useless procedure" in a bench trial proceeding. *See Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir.1981).[1] As the court in *Gulf States* recognized, "in a bench trial, the . . . judge can also exclude those improper inferences from his mind in reaching a decision." *Id.* The Eleventh Circuit has deemed exclusion of evidence on the basis of "unfair prejudice" inapplicable to bench trials. *See also U.S. v. Vigne*, 571 F. App'x 932 at n.2 (11th Cir. 2014) ("[Rule 403 balancing] has 'no logical application to bench trials.'"); *Health First, Inc. v. Hynes*, 628 F. App'x 723, 724 (11th Cir. 2016) ("[W]e assume that, in a bench trial, the trial judge can exclude improper inferences from his mind in reaching a decision." (internal quotations omitted)).

This Court is more than capable of assessing all relevant evidence and determining what evidence to consider and what evidence to reject. It is not Plaintiff's role to limit what this Court considers. Accordingly, Plaintiff's motion in limine should be denied.

## II.     PLAINTIFF HAS PLACED ANECDOTAL EVIDENCE OF SAFETY AND EFFICACY AT THE CENTER OF THIS CASE AND SHOULD NOT BE ABLE TO HAMSTRING DEFENDANTS' ABILITY TO REBUT THAT EVIDENCE

Moreover, Plaintiff's attempt to paint as irrelevant anecdotal evidence regarding the safety and efficacy of the SVF Surgical Procedure is unavailing. Indeed, at every opportunity, Plaintiff has taken it upon itself to bring the Court's attention to various isolated, anecdotal adverse events that have allegedly occurred due to Defendants' procedures. For example, in its Complaint, Plaintiff discusses alleged "adverse events," describing three patients who experienced problems

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the 11th Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

after receiving the Defendants' surgical procedure. Again, in Plaintiff's Motion for Summary Judgment, Plaintiff discusses various isolated, anecdotal "adverse events," expending an entire section of its memorandum in support of its motion—titled "Adverse Medical Events"—to reiterate the events outlined in its Complaint. Dkt. No. 42 at 10.  Then, in yet a third instance, in Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Plaintiff again discusses isolated, anecdotal "adverse events," stating that "Defendants' product has, indeed, been associated with serious adverse events such as blindness and vision impairment." Dkt. No. 49 at 1.  Just two weeks ago, in its Statement of the Case included as part of the parties' Joint Pretrial Stipulation, Plaintiff alleged that Defendants' SVF Surgical Procedure leads to "devastating outcomes," is associated with "serious adverse events," and may lead to "calamities."  Dkt. No. 55 at 2.

If one thing is clear here, it is that Plaintiff seeks to portray the Defendants' business practices as those of lawless renegades.  Nothing could be further from the truth.  Testimony from satisfied patients to rebut the incorrect characterization of Defendants' business practices—which, based on its filings, appears to be part of Plaintiff's case in chief—is certainly relevant.  Therefore, testimony demonstrating safety or efficacy is relevant and admissible, and should not be excluded.[2]

### CONCLUSION

Plaintiff's concerns that this Court may confuse the issues or be misled are misplaced.  This Court has the authority to hear all evidence and make decisions regarding the weight attributable to each piece of evidence.  Therefore, Plaintiff's motion in limine should be denied.

DATED: April 12, 2019                                    Respectfully Submitted,

*/s/ Isaac J. Mitrani*

---

[2] If, however, this Court determines that Defendants' anecdotal evidence of safety and efficacy should be excluded, this Court should exclude Plaintiff's anecdotal evidence as well.

Isaac J. Mitrani
Florida Bar No. 348538
Loren H. Cohen
Florida Bar No. 303879
MITRANI, RYNOR,
ADAMSKY & TOLAND, P.A.
301 Arthur Godfrey Road, Penthouse
Miami Beach, FL 33140
Tel.:   305-358-0050
Fax:   305-358-0050
imitrani@mitrani.com
lcohen@mitrani.com
dbitran@mitrani.com
ctenn@mitrani.com
miamidocketing@mitrani.com

Todd A. Harrison (admitted pro hac vice)
Todd H. Halpern (admitted pro hac vice)
Stephen R. Freeland (admitted pro hac vice)
Mary M. Gardner (admitted pro hac vice)
Venable LLP
600 Massachusetts Avenue NW
Washington, DC 20001

*Attorneys for Defendants US Stem Cell Clinic, LLC,*
*US Stem Cell, Inc., and Kristin C. Comella*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2019, a true and correct copy of the foregoing Defendants' Opposition to Plaintiff's Motion in Limine to Exclude Testimony of Anecdotal Safety And/Or Efficacy was filed with the Clerk of the Court via CM/ECF and the CM/ECF system will send a notice of electronic filing to all counsel and parties of record listed on the Service List Below.

*/s/ Isaac J. Mitrani*
Isaac J. Mitrani
Florida Bar No. 348538
MITRANI, RYNOR,
ADAMSKY & TOLAND, P.A.
301 Arthur Godfrey Road, Penthouse
Miami Beach, FL  33140
Tel.:    305-/358-0050
Fax:    305/358-0050
imitrani@mitrani.com
dbitran@mitrani.com
ctenn@mitrani.com
miamidocketing@mitrani.com

*Attorneys for Defendants US Stem Cell Clinic, LLC, US Stem Cell, Inc., and Kristin C. Comella*