# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION

### CASE NO.: 18-61047-CIV-UNGARO/O'SULLIVAN

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**

**US STEM CELL CLINIC, LLC, a Florida limited liability company,**
**US STEM CELL, INC., a Florida profit corporation, and**
**KRISTIN C. COMELLA and**
**THEODORE GRADEL, individuals,**

      **Defendants.**

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF ANECDOTAL SAFETY AND/OR EFFICACY

The government hereby files its reply in support of its motion to exclude anecdotal testimony about the safety and/or efficacy of the stromal vascular fraction ("SVF") product manufactured by Defendants.

## ARGUMENT

Under Federal Rule of Evidence ("F.R.E.") 401, "evidence is relevant if it has the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Dallis v. Aetna Life Ins. Co.*, 768 F.2d 1303, 1305 (11th Cir. 1985). "Irrelevant evidence is not admissible." F.R.E. 402.

As an initial matter, Defendants do not identify any question of fact or law to which anecdotal testimony from patients, treating physicians, or others about their individual experiences with the SVF product would be relevant. *See generally* Defs.' Opp'n to Pl.'s Mot. in Limine to Excl. Evidence of Anecdotal Safety and/or Efficacy (D.E. 66) ("Defs.' Opp'n"). Defendants do not identify—because they cannot—how anecdotal evidence could resolve the government's allegations that injunctive relief is necessary to prevent Defendants from violating the Federal Food, Drug, and Cosmetic Act ("FDCA"), or the Defendants' claims that their activities should be

protected by a regulatory exception.  Pl.'s Mot. in Limine to Excl. Evidence of Anecdotal Safety and/or Efficacy (D.E. 58) ("Pl.'s MIL") at 1-3.  Defendants instead focus on the government's citation to an opinion that references a jury trial, and the fact that the government previously has discussed adverse medical events experienced by Defendants' patients.

In response to Defendants' first point, irrelevant evidence is inadmissible, regardless of who acts as the finder of fact.[1]  *See* F.R.E. 402.  Further, the existence of a jury is not necessary for a court to exclude evidence under Rule 403, which provides that even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of *one or more of* the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  F.R.E. 403 (emphasis added); *see also Dallis*, 768 F.2d at 1305.  Certainly the Court can choose to exclude evidence at a bench trial under Rule 403 if the evidence's probative value is substantially outweighed by a danger of undue delay or a waste of time.  *See Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) ("Excluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but excluding relevant evidence on the basis of 'unfair prejudice' is a useless procedure.").

Second, while the government cited in its pleadings to records of adverse events, the government did not do so to establish violations of the FDCA.  Instead, those citations illustrated: (1) that the dangers resulting from Defendants' illegal behavior are more than theoretical; and (2) that Defendants' knowledge of these adverse events was not enough to stop Defendants' activity. A failure to cease violative conduct in light of such adverse event reports is probative as to whether Defendants are likely to continue their illegal behavior in the absence of an injunction.  *See*, *e.g.*, Pl.'s Mot. for Summ. J. and Supp. Mem. of Law (D.E. 42) at 10 ("Evidence of patient harm is not required to establish a violation of the FDCA or to obtain an injunction to stop those violations. But here, the Government's concerns are very real."); *id.* at 28 ("These adverse events, known risks, and FDA warnings have not stopped Defendants' illegal conduct."); Compl. at ¶ 45 (describing records documenting adverse events occurring after treatment with Defendants' SVF product).  Thus, the government was justified in bringing to the Court's attention evidence that Defendants knew of adverse events linked to their products.  In any event, and as evidenced by the

---

[1]  The government notes that as of the date it filed its Motion *in Limine*, the parties had not yet filed their Joint Motion to Withdraw Jury Demand (D.E. 65).

government's witness list in this matter (*see* Joint Pretrial Stipulation, D.E. 55, at 18-20), the government does not intend to call any patients, treating physicians, or others to testify about their individual experiences with SVF.

Finally, the government does not seek to prove that Defendants are "lawless renegades," as they claim (Defs.' Opp'n at 3); rather, the government seeks to establish that Defendants violated the FDCA, that Defendants have not met their burden as to any relevant exception, and that Defendants are likely to continue their violations absent an injunction. *See* Pl.'s MIL at 1-3. Anecdotal evidence that Defendants' unapproved, experimental drug apparently did not harm certain customers simply is not relevant to any issue before the Court.

## <u>CONCLUSION</u>

Because anecdotal testimony related to safety or efficacy of Defendants' SVF product will not resolve any factual or legal matter at issue in this case, and because such testimony will inevitably lead to a waste of time and resources, such testimony should not be allowed at trial.

DATED: April 19, 2019.

**JOSEPH H. HUNT**
**Assistant Attorney General**

**AUGUST E. FLENTJE**
**Acting Deputy Assistant Attorney General**
**Civil Division**

**GUSTAV W. EYLER**
**Acting Director**
**Consumer Protection Branch**

**ALAN PHELPS**
**Assistant Director**

**ROGER J. GURAL**
**Roger J. Gural**
**Trial Attorney**
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC  20044
Tel.: 202.307.0174
Email: roger.gural@usdoj.gov

**Respectfully Submitted,**

**ARIANA FAJARDO ORSHAN**
**UNITED STATES ATTORNEY**

**JAMES A. WEINKLE**
**Assistant United States Attorney**
Florida Bar No. 0710891
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel.: 305.961.9290
Email: James.Weinkle@usdoj.gov