**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO.: 18-61047-CIV-UNGARO/O'SULLIVAN**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**US STEM CELL CLINIC, LLC, a Florida limited liability company,**
**US STEM CELL, INC., a Florida profit corporation, and**
**KRISTIN C. COMELLA, individual,**

    **Defendants.**

**DEFENDANTS US STEM CELL, INC., US STEM CELL CLINIC, LLC, AND KRISTIN C. COMELLA'S MOTION TO SET SCHEDULE FOR MEET AND CONFER AND BRIEFING ON THE SCOPE OF THE INJUNCTION**

Defendants US Stem Cell Clinic, LLC ("USSCC"), US Stem Cell, Inc., and Kristin C. Comella (collectively, "Defendants") move the Court to enter an order requiring the parties to meet and confer on the scope of the permanent order of injunction, and if the parties cannot agree, to require the parties to submit memoranda of law on any areas of disagreement.

1. On March 11, 2019, Plaintiff, the United States of America, and Defendants filed cross motions for summary judgment [D.E. 41, 42].

2. On June 3, 2019, the Court entered its Order on Motions for Summary Judgment, granting the Plaintiff's motion and denying the Defendants' motion (the "SJ Order") [D.E. 73]. The SJ Order determined that the Defendants' stromal vascular fraction or SVF product, as the Court put it, is subject to certain regulation.

3. The SJ Order states that the FDA is entitled to an injunction and that "[t]he Court will separately enter judgment in favor of the FDA pursuant to Federal Rule of Civil Procedure 58" [D.E. 73 at pp. 31-33].

4. Defendants respectfully request that the Court order the parties a) to meet and confer on the scope and the specific language of the permanent order of injunction in compliance

with the SJ Order within ten (10) days of entry of an order on this motion; and b) either submit an agreed (as to form)[1] proposed order of permanent injunction to the Court or brief the areas of remaining disagreement.

5. Defendants recognize the binding nature of the SJ Order and are not seeking a stay of the SJ Order.

6. The Defendants request that the Court order the parties to confer within ten (10) days of entry of an order on this motion to attempt to agree on the form of the permanent order of injunction. If the parties are able to agree on the exact form of the permanent order of injunction, the parties will submit a proposed order of permanent injunction to the Court within the ten-day deadline.

7. If Plaintiff and Defendants cannot agree on the exact language of the permanent order of injunction, Defendants request that the Court enter a scheduling order and allow the parties to brief any issues still in dispute within ten (10) days of expiration of the meet and confer deadline set forth above.

## Memorandum of Law

An injunction is a drastic and extraordinary remedy. *See e.g. Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 165–66, 130 S. Ct. 2743, 2761, 177 L. Ed. 2d 461 (2010). The Eleventh Circuit has repeatedly held that "[i]njunctive relief should be limited in scope to the extent necessary to protect the interests of the parties." *See Garrido v. Dudek*, 731 F.3d 1152, 1159 (11th Cir. 2013); *Keener v. Convergys Corp.*, 342 F.3d 1264, 1269 (11th Cir. 2003); *see also* Fed. R. Civ. P. 65(d). The Court in *Garrido* continued that "the specificity requirements of Rule 65(d) are 'designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood'" (citations omitted).

Federal Courts have directed parties to negotiate terms of a permanent injunction in order to implement the Court's decisions on the parties' claims. *See e.g. Blatch v. Hernandez,* 2008 WL 4826178, at *1-2 (S.D.N.Y. Nov. 3, 2008). The relief requested in this motion solely seeks to ensure that the permanent order of injunction entered in this case complies with the findings of fact and conclusions of law in the SJ Order

---

[1] The Defendants preserve and do not waive their right to appeal the SJ Order on the merits.

Allowing the parties to attempt to agree on the terms of the permanent order of injunction that conform to the SJ Order will serve the interests of judicial economy; even if the parties are unable to agree, this process will narrow the disputed issues for the Court.

### **CERTIFICATE OF GOOD FAITH**

Pursuant to Local Rule 7.1(a)(3), counsel for the Defendants conferred with counsel for the Plaintiff regarding the substance of this motion by e-mail and by telephone and Plaintiff opposes the relief requested in this motion.

WHEREFORE, Defendants US Stem Cell Clinic, LLC, US Stem Cell, Inc., and Kristin C. Comella respectfully request that the Court enter an order requiring the parties to meet and confer on the form and the scope of the permanent order of injunction within ten days of an order granting this motion, and if the parties cannot agree, to require the parties to submit memoranda of law on any areas of disagreement within ten days of the expiration of the ten-day meet and confer deadline.

Dated: June 4, 2019

Respectfully submitted,

/s/ Isaac J. Mitrani
Isaac J. Mitrani
Florida Bar No. 348538
Loren H. Cohen
Florida Bar No. 303879
MITRANI, RYNOR,
ADAMSKY & TOLAND, P.A.
301 Arthur Godfrey Road, Penthouse
Miami Beach, FL 33140
Tel.:   305-358-0050
Fax:   305-358-0050
imitrani@mitrani.com
lcohen@mitrani.com
dbitran@mitrani.com
ctenn@mitrani.com
miamidocketing@mitrani.com

Todd A. Harrison (admitted pro hac vice)
Todd H. Halpern (admitted pro hac vice)
Stephen R. Freeland (admitted pro hac vice)
Mary M. Gardner (admitted pro hac vice)
Venable LLP
600 Massachusetts Avenue NW

Washington, DC 20001

*Attorneys for Defendants US Stem Cell Clinic, LLC, US Stem Cell, Inc., Kristin C. Comella and Theodore Gradel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2019, a true and correct copy of the foregoing Defendants' Proposed Findings of Fact and Conclusions of Law was filed with the Clerk of the Court via CM/ECF and the CM/ECF system will send a notice of electronic filing to all counsel and parties of record listed on the Service List Below.

> */s/ Isaac J. Mitrani*
> Isaac J. Mitrani
> Florida Bar No. 348538
> MITRANI, RYNOR,
> ADAMSKY & TOLAND, P.A.
> 301 Arthur Godfrey Road, Penthouse
> Miami Beach, FL  33140
> Tel.:    305-/358-0050
> Fax:    305/358-0050
> imitrani@mitrani.com
> dbitran@mitrani.com
> ctenn@mitrani.com
> miamidocketing@mitrani.com
>
> *Attorneys for Defendants US Stem Cell Clinic, LLC, US Stem Cell, Inc., Kristin C. Comella and Theodore Gradel*

5

## SERVICE LIST

Roger J. Gural
Trial Attorney
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC  20044
*Roger.gural@usdoj.gov*

*Counsel for United States of America*

*Of Counsel:*

Rebecca K. Wood
Chief Counsel
Food and Drug Administration

Perham Gorji
Deputy Chief Counsel for Litigation

Michael D. Helbing
Associate Chief Counsel for Enforcement
United States Dept. of Health and Human Services
Office of the General Counsel
White Oak 31, Room 4426A
10903 New Hampshire Avenue
Silver Spring, MD  20993-0002

James A. Weinkle
Assistant United States Attorney
Office of the United States Attorney
99 N.E. 4th Street, Suite 300
Miami, FL  33132
*james.weinkle@usdoj.gov*

*Counsel for United States of America*