UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:18-cv-61047-UU

UNITED STATES OF AMERICA.,

    Plaintiff,
v.

US STEM CELL CLINIC, *et al.*,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court upon *pro se* non-party Gregory P. Nies' (the "Intervenor") Motion to Intervene and Emergency Appeal of Order for Immediate Destruction of my Property Without Due Process (the "Motion"). D.E. 206. The Court has reviewed the pertinent portions of the record and is otherwise fully advised in the premises.

**I.**  **Background**

On June 3, 2019, the Court granted summary judgment in favor of Plaintiff, the United States of America. D.E. 73. In that order, the Court agreed with the FDA that Defendants' stromal vascular fraction ("SVF") product was an adulterated and misbranded drug under the Food Drug and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*. *See* D.E. 73 at 28–30. Consequently, on June 25, 2019, the Court entered an injunction, which *inter alia¸* enjoined Defendants from manufacturing and/or providing any services relating to its SVF product and requiring Defendants to destroy all SVF product currently in their possession, custody, or control. D.E. 83 at 9 ¶ 10. On July 12, 2019, Intervenor filed the instant Motion, seeking to intervene and appeal the Court's order of permanent injunction. D.E. 206.

## II.   Legal Standard

Federal Rule of Civil Procedure 24 distinguishes between intervention as of right and permissive intervention. An intervenor may intervene as of right when he or she:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

An intervenor may permissively intervene when: (1) the intervention is timely; (2) the intervenor has a claim or defense that shares a common question of law or fact with the action; and (3) the intervention will not prejudice the parties to the suit or cause any undue delays. Fed. R. Civ. P. 24(b); *see also Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-CIV, 2009 WL 10667863, at *1 (S.D. Fla. May 14, 2009) ("District courts enjoy substantial discretion to grant intervention under Rule 24(b).").

## III.   Analysis

As an initial matter, the exact relief that Intervenor seeks is unclear; Intervenor does not even mention Rule 24 and thus does not explain whether he seeks to intervene as of right or whether he merely seeks to permissively intervene. As such, the Court will address Intervenor's right to intervene as of right and permissively.

### a.   Intervention as of Right

A party seeking to intervene as of right under Federal Rule of Civil Procedure 24(a) must demonstrate that: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's

interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quotation omitted). Intervenor satisfies none of these four factors and has not identified "an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a).

First, Intervenor's Motion is untimely. The Court has already disposed of the action and entered judgment almost one month ago. As such, there can be no claim that "<u>disposing of the action</u> may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a). Moreover, this action has been pending for over a year and has received substantial national press coverage. *See Staley v. Harris Cty. Tex.*, 160 F. App'x 410, 412 (5th Cir. 2005) (holding motion to intervene untimely where "publicity surrounding [the] lawsuit could not have escaped the [intervenor's] attention."). As such, Intervenor had many opportunities and over one year to intervene, but waited until a month after judgment to do so. *See Acree v. Republic of Iraq,* 370 F.3d 41, 49 (D.C. Cir. 2004) ("Courts are generally reluctant to permit intervention after a suit has proceeded to final judgment, particularly where the applicant had the opportunity to intervene prior to judgment."), *abrogated on other grounds by Republic of Iraq v. Beaty,* 556 U.S. 848 (2009).

To be sure, in *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), the Supreme Court explained that "a post-judgment motion to intervene is not untimely if the putative intervenor acts as soon as it is clear that the parties will not represent its interests." *Amarin Pharm. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 444 (D.D.C. 2015) (citing *McDonald*, 432 U.S. 385). But here, it is not at all clear that Defendants will not represent Intervenor's interests. Pursuant to Federal Rule of Appellate Procedure 4, Defendants have sixty (60) days from the date of this Court's Order of Permanent Injunction, entered on June 25, 2019, to appeal the Order, including the portion pertaining to the destruction of Intervenor's SVF. Fed. R. App. P. (4)(a)(1)(B); *cf.*

3

*Acree,* 370 F.3d at 50 ("[C]ourts often grant post-judgment motions to intervene where no existing party chooses to appeal the judgment of the trial court."). Indeed, Rule 24 makes clear that an Intervenor <u>may not</u> intervene as of right where "existing parties adequately represent [his or her] interest." Fed. R. Civ. P. 24. Intervenor neither explains how his interests in the SVF product and/or the terms of the injunction diverge in any way from Defendants' nor has he provided argumentation or evidence that Defendants do not intend to appeal this Court's order, as Intervenor apparently desires. In fact, the record suggests the opposite. In their motion for extension of time to confer with the United States as to the scope of the injunction, D.E. 74, and in their subsequent joint status report, Defendants included footnotes stating: "Defendants do not, however, waive their right to appeal the Court's Order and any final injunction entered in this action." D.E. 74 at 2 n.1; D.E. 76 at 1 n.1. Thus, not only is Intervenor's Motion untimely, but he cannot demonstrate that "no party to the action can be an adequate representative of the applicant's interests." *Karsner*, 532 F.3d at 885; *see also United States v. United States Steel Corp.*, 548 F.2d 1232, 1235 (5th Cir. 1977) ("[I]ntervention attempts after final judgments are ordinarily looked upon with a jaundiced eye [as they] have a strong tendency to prejudice existing parties to the litigation or to interfere substantially with the orderly process of the court.") (internal citation omitted). On this basis alone, the Court would find that Intervenor is not entitled to intervene as of right, but in the interest of completeness and clarity, the Court will briefly address the remaining factors.

Intervenor has also failed to demonstrate a legally protected interest in the action because he does not have "an interest relating to the property or <u>transaction that is the subject of the action</u>." Fed. R. Civ. P. 24 (emphasis added). The SVF product allegedly created from Intervenor's stem cells and stored at Defendant's facility <u>was not the subject of the action</u>; this is not an *in rem* proceeding and the SVF product is not the *res* before the Court. *Cf. Diaz v. S. Drilling Corp.*, 427

F.2d 1118, 1124 (5th Cir. 1970) ("[T]he Government in this case is asserting a tax lien, clearly a legally cognizable interest in property, which it seeks to attach to a res that is before the court.") (emphasis added); *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 825 (5th Cir. 1967) (granting intervention where government sought to prevent development on coral reefs over which intervenor claimed ownership interest). Rather, the subject of this FDA enforcement action is whether Defendant's SVF product is a "drug" within the meaning of the FDCA, such that the FDA has the authority to regulate its manufacture and sale. This is evidenced by the FDA's complaint, which sought the following relief:

> That Defendants, USSCC, US Stem Cell, Inc., Kristin C. Comella and Theodore Gradel, and each of their officers, agents, representatives, employees, attorneys, and all persons in active concert or participation with any of them, be permanently restrained and enjoined from directly or indirectly doing any act with respect to a drug (including a biological product) that results in the drug being adulterated or misbranded within the meaning of the FDCA, if such act is done while such drug, or one of its components, is held for sale (whether or not the first sale) after shipment in interstate commerce, in violation of 21 U.S.C. § 331(k).
>
> That FDA be authorized pursuant to the injunction to inspect Defendants' places of business and all records relating to the receipt, manufacture, processing, packing, labeling, holding, and distribution of any drug and/or drug component to ensure continuing compliance with the terms of the injunction, with the costs of such inspections to be borne by Defendants at the rates prevailing at the time the inspections are accomplished.

D.E. 1 at 16 (emphasis added).

Moreover, other than asserting that the stem cells in the SVF product originated from his body, Intervenor provides no argumentation or binding authority to support his contention that he has a legally cognizable property interest in the SVF product, a misbranded and adulterated drug. *See United States v. Ellis Research Labs., Inc.*, 300 F.2d 550, 554 (7th Cir. 1962) ("We find no merit in defendants' argument that the injunction sought and granted is an unconstitutional and unwarranted exercise of the regulatory powers exercised by the United States under the Act in question. Defendants contend that the result of the injunction will be to put them out of business.

They can have no vested interest in a business activity found to be illegal. It has long been settled that the [FDCA] itself is a constitutional exercise of the commerce power.") (citing *United States v. Walsh*, 331 U.S. 432 (1947)) (emphasis added)).

Indeed, "to satisfy the requirements of Rule 24(a)(2), [the interest] must be significant, must be direct rather than contingent, and must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit." *In re Penn Cent. Commercial Paper Litig.*, 62 F.R.D. 341, 346 (S.D.N.Y. 1974), *aff'd sub nom. Shulman v. Goldman, Sachs, & Co.*, 515 F.2d 505 (2d Cir. 1975) (emphasis added). Here, Intervenor provides no contract or other evidence that he, as opposed to Defendants, has any property interest in the SVF product that Defendant specially manufactures via its proprietary process. *See* 1 Am. Jur. 2d Accession and Confusion § 1 ("The doctrine of accession also embraces the situation where one makes alterations in the form of personal property belonging to another. If, in such a case, the thing itself is changed into a different species or its value is greatly enhanced, as where cloth is manufactured out of wool, the person who made the change may acquire title by accession . . . ."). Lastly, Intervenor provides no legal authority to support the proposition that an individual can have a property interest in his or her bodily tissue once removed and processed into a different form, and a brief review of relevant authority suggests that such a property right is far from well-settled. *See, e.g.*, *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 264 F. Supp. 2d 1064, 1075 (S.D. Fla. 2003) (explaining "[T]he property right in blood and tissue samples also evaporates once the sample is voluntarily given to a third party.").

Accordingly, for the reasons discussed *supra* the Court finds that Intervenor's Motion is untimely, that Defendants adequately represent his interests, and that he has no interest in the

6

subject matter of the action. As such, he is not entitled to intervention as of right pursuant to Rule 24.

    b. Permissive Intervention

Permissive intervention is a matter "wholly discretionary with the [district] court ... even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir.1984) (alteration in original). The elements of permissive intervention and intervention as of right substantially overlap: both require that the motion be timely and that there be a unity of interests and/or a common question of law or fact between the action and the intervenor's interest. *See* Fed. R. Civ. P. 24. The Court has already found Intervenor's Motion to be untimely and the fact that there may be common questions or law or fact is not sufficient to permit intervention given this untimeliness, that Defendants adequately represent his interest, and that his interest is not the subject of the action. As such, for the reasons discussed *supra,* the Court declines to permit Intervenor to intervene under Rule 24(b). Accordingly, Intervenor's Motion is DENIED.[i]

### IV.  Conclusion

For the reasons discussed *supra*, it is

    ORDERED AND ADJUDGED that Intervenor's Motion, D.E. 206, is DENIED.

    DONE AND ORDERED in Chambers at Miami, Florida, this _12th_ day of July, 2019.

*[signature]*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record
Intervenor; *pro se*

---

[i] Because the putative Intervenor's motion fails, the Court need not address his numerous unclear arguments regarding his constitutional rights in the SVF and the FDA's authority to promulgate rules under the Administrative Procedures Act and to regulate the production and use of SVF.