**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO.: 18-61047-CIV-UNGARO/O'SULLIVAN**

| |
|---|
| **UNITED STATES OF AMERICA,** |
| **Plaintiff,** |
| v. |
| **US STEM CELL CLINIC, LLC,** *et al.*, |
| **Defendants.** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION**
**TO CLARIFY AND TO STAY DESTRUCTION**

On July 12, 2019, Defendants US Stem Cell, Inc., US Stem Cell Clinic, LLC, and Kristin C. Comella, filed a motion ("Defendants' Motion," ECF No. 207) seeking to "clarify and stay" the destruction requirement in Paragraph 10 of this Court's Order of Permanent Injunction ("Order") (ECF No. 83). The United States submits this response to: (1) briefly articulate the conditions under which the government would not oppose a temporary stay; and (2) state its opposition to the release of any adulterated or misbranded SVF Product.

**I.    The Government's Position**

Although the government does not oppose a temporary stay of the destruction provision,[1] it believes it is important to articulate the basis for its position in light of Defendants' Motion. As

---

[1] The purpose of Defendants' Motion is not entirely clear. Its introduction discusses a request to "modify" the injunction. *See* Defs.' Mot. at 1-2 ("Defendants are thus seeking a slight modification to the injunction to allow these third parties to retain that property", "The Court should modify the injunction for three reasons.") Based on the title and requested relief of Defendants' Motion, the proposed order that accompanied it, and the meet-and-confer calls the parties had in advance of its filing, the government interprets the "modification" Defendants seek to be a *temporary* stay of Paragraph 10 of the Order while any appeal and other legal challenges are considered. If Defendants' Motion is interpreted to seek any other modification to the injunction (including to allow Defendants to release SVF Product to individual patients), the government opposes such

an initial matter, the government notes that it has not changed its position that the SVF Product (as defined in the Order) is an adulterated and misbranded drug requiring an investigational new drug application ("IND") or an approved biologics license application ("BLA") prior to use. *See* Order on Mots. for Summ. J. [ECF No. 73] at 29-31. Thus, the Court's destruction order is appropriate with respect to any product that falls within this Court's definition of "SVF Product."

However, Defendants retain the right to appeal this Court's considered ruling. Out of respect for the legal process, the government does not oppose staying the destruction of the SVF Product temporarily until any appeal or other challenges are fully considered and decided.

Second, based on statements made in letters from third parties filed on the docket in this matter and statements made in Defendants' Motion, there may be some factual questions concerning whether certain articles within Defendants' possession, custody, or control fall within the definition of "SVF Product." A stay would allow the parties to come to a common understanding of the nature and type of products Defendants store in their tissue bank and which of those products would be subject to Paragraph 10 of the Order.

While it does not oppose a temporary stay, the government does not concede the merits of Defendants' legal arguments, reserves the right to oppose such arguments on appeal or otherwise, and responds to Defendants' Motion as follows:

1) Defendants appear to be banking and possibly expanding (growing in a culture media) SVF for patients' future use to treat various serious diseases or conditions.[2] *See* ECF No. 203 at 17 ("I did bank my own stem cells as I thought I may need future doses. I have had a future dose since my first procedure was approx. 3 years ago."); ECF No. 202 at 2 ("We had her first treatment last year, and paid for her own stem cells to be grown in a lab

---

relief and requests the opportunity to respond in full to the arguments Defendants raise in support of that relief.

[2] Defendants claim that, "[t]he omission of the operations of the tissue bank from the complaint could not have been an oversight; after all, the tissue bank is registered with the [FDA]." Defs.' Mot. at 2. The government acknowledges that Defendants have a "Human Cell and Tissue Establishment" registered with FDA, but nothing about that registration makes clear that Defendants are banking SVF Product, let alone possibly expanding HCT/Ps. Defendants' current registration lists the establishment's functions as, "recover, screen, donor testing, package, process, store, label, distribute" for "blood vessels." Further, FDA regulations make clear, "FDA acceptance of an establishment registration and HCT/P listing form does not constitute a determination that an establishment is in compliance with applicable rules and regulations or that the HCT/P is licensed or approved by FDA." 21 C.F.R. § 1271.27(b).

provided by US Stem cell company. [sic] With the promise of being able to use them for possible treatment in the future.")  If those stored, expanded products include SVF Product manufactured by Defendants, these statements cannot be reconciled with Defendants' prior representations that their SVF Product was administered the same day it was removed from each patient and not expanded.  *See* Defendants' Reply in Supp. of their Mot. for Summ. J. ("Defs.' Reply") [ECF No. 60] at 1 ("The cells are just taken out of a person's body, isolated, and put back into that person's body approximately thirty minutes after removal."); Defs.' Mem. in Supp. of their Mot. for Summ. J. [ECF No. 41-1] at 10 ("Here, the Defendants' entire SVF Surgical Procedure takes place within a single surgical procedure in a single facility on a single day."); Defs.' Reply [ECF No. 60] at 1 ("The Defendants do not expand the cells").  Evidence that the Defendants bank and/or expand the SVF Product for future use would further show that Defendants' establishment does not qualify for the same surgical procedure exception in 21 C.F.R. § 1271.15(b) and their SVF Product does not qualify as a "361 HCT/P."  *See United States v. Regenerative Scis., LLC*, 741 F.3d 1314, 1321-22 (D.C. Cir. 2014) (holding that culturing of cell product rendered it more than "minimally manipulated" within the meaning 21 C.F.R. § 1271.10(a)).

2) This Court has held that Defendants' SVF Product is adulterated and misbranded as a result of the way Defendants manufacture and label it.  Order on Mots. for Summ. J. [ECF No. 73] at 29-31.  In their Motion, Defendants argue that the United States did not allege a violation of the law at the tissue bank that would have created additional conditions whereby products held there could have become adulterated or misbranded.  *See* Defs.' Mot. at 2-3.  Additional manufacturing steps such as storage (and possible expansion) of the adulterated and misbranded SVF Product in a tissue bank would not cure the adulteration or misbranding that occurred in the original manufacture of the product.  *See*  21 C.F.R. § 1271.3(e) (defining manufacture to include, without limitation, "any or all steps in the recovery, processing, storage, labeling, packaging, or distribution of any human cell or tissue").

3) Defendants raise concerns in their Motion about products that do not result from "procedures performed at or by any of the Defendants." Defs.' Mot. at 3.  If these articles truly were not "prepared or caused to be prepared" by Defendants, the destruction provision

3

      in Paragraph 10 of the Order would not apply to them because they would not fall within the Order's definition of SVF Product. Order ¶ 3.F.

4) Defendants express concerns about the property rights of third parties. *See* Defs.' Mot. at 5-9. Defendants fail to explain what rights any third parties could have to articles that are adulterated and/or misbranded under federal law and, as a result, cannot be held for sale (21 U.S.C. § 331(k)); introduced for delivery into interstate commerce (21 U.S.C. § 331(a)); or received in interstate commerce (21 U.S.C. § 331(c)). *See* Order on Pro Se Mot. to Intervene [ECF No. 208] at 5-6. The distribution of these products is further limited by 21 U.S.C. § 331(d) (prohibiting the introduction of unapproved new drugs into interstate commerce).

5) Defendants have known since at least March 2018, when the United States initiated settlement discussions, that the government intended to seek destruction of violative products. A destruction provision also was included in the proposed relief the government sought from this Court in the proposed order it filed in March 2019. The first time Defendants lodged concerns about the destruction provision with the Court was in their June 14, 2019 proposal about the scope of the Order, and, even then they only addressed their concerns obliquely by attempting to insert a provision stating that the Order would not apply to the tissue bank. Defendants' instant motion is the first time that Defendants raised many of these substantive points.

## II. Should The Court Order a Stay, the Government Requests Minimal Additional Safeguards to Maintain Defendants' SVF Product

The Order includes provisions to help ensure compliance prior to the SVF Product being destroyed. *See* Order ¶ 7 (prohibiting Defendants from, among other things, processing and/or distributing SVF Product), ¶ 13 (permitting FDA to inspect Defendants' facility without prior notice to ensure continuing compliance with the Order). However, because the period before destruction could be extended significantly by the stay requested by Defendants, the government believes that additional measures would be necessary to ensure that all SVF Product remains in place. And because of new information concerning the tissue bank the government received from third parties and their counsel, the government also requires further information about all articles containing SVF in Defendants' possession, custody, or control so that the parties can come to a

4

common understanding of which articles fall within the definition of "SVF Product" in this Court's Order. Accordingly, the government respectfully requests that, during the pendency of any stay ordered by this Court, that this Court should also order that:

(1) Defendants place a conspicuous label on the articles or place a sign in a conspicuous manner in all locations where any SVF Product is stored stating that the articles must not be used, moved, altered, or tampered with in any manner pursuant to Order of the United States District Court for the Southern District of Florida; and

(2) Defendants submit to Plaintiff and this Court an accurate and current inventory of any and all articles containing SVF in their possession, custody, or control (whether or not Defendants recovered the tissue used to manufacture the SVF Product). Such inventory should include, at a minimum, a detailed description of where those articles are being held; how and where those articles were manufactured within the meaning of 21 C.F.R. § 1271.3(e); and any contracts, agreements, or arrangements Defendants have with patients or with patients' clinicians for the manufacture of those articles.

Conspicuous signage or labeling will help to prevent inadvertent movement or loss of SVF Product. An accurate inventory, in addition to the Order's already existing protections noted above, *see* Order ¶¶ 7, 13, will create a record that will allow FDA to ensure that no SVF Product has been moved or distributed during the stay. Including information in that inventory about the manufacture and storage of all articles containing SVF in Defendants' possession, custody, or control will provide a basis to show which articles fall within the definition of SVF Product articulated in this Court's Order.

### III. Conclusion

For the reasons stated above, Plaintiff does not oppose the temporary stay sought by Defendants' Motion but respectfully requests that if the Court grants Defendants' Motion, the Court also grant the additional relief described in Section II above.

| | |
|---|---|
| DATED: July 17, 2019. | *Respectfully Submitted,* |
| **JOSEPH H. HUNT**<br>Assistant Attorney General | **ARIANA FAJARDO ORSHAN**<br>UNITED STATES ATTORNEY |
| **DAVID M. MORRELL**<br>**Deputy Assistant Attorney General**<br>**Civil Division** | **JAMES A. WEINKLE**<br>**Assistant United States Attorney**<br>Florida Bar No. 0710891<br>99 N.E. 4th Street, Suite 300<br>Miami, Florida 33132<br>Tel.: 305.961.9290<br>Email: James.Weinkle@usdoj.gov |
| **GUSTAV W. EYLER**<br>**Acting Director**<br>**Consumer Protection Branch** | |
| **ROGER J. GURAL**<br>Roger J. Gural<br>**Trial Attorney**<br>Consumer Protection Branch<br>United States Department of Justice<br>P.O. Box 386<br>Washington, DC 20044<br>Tel.: 202.307.0174<br>Email: roger.gural@usdoj.gov | *Counsel for United States of America* |
| *Counsel for United States of America* | |

**Of Counsel:**
ROBERT P. CHARROW
General Counsel

STACY CLINE AMIN
Chief Counsel
Food and Drug Administration
Deputy General Counsel
Department of Health and Human Services

PERHAM GORJI
Deputy Chief Counsel for Litigation

MICHAEL D. HELBING
Associate Chief Counsel for Enforcement
United States Food and Drug Administration
Office of the Chief Counsel
White Oak 31, Room 4426A
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002
Telephone: 240.402.6165