**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO.: 18-CV-61047**

**UNITED STATES OF AMERICA,**

        Plaintiff,

    v.

**US STEM CELL CLINIC, LLC**, a Florida limited liability company,
**US STEM CELL, INC.**, a Florida profit corporation, and
**KRISTIN C. COMELLA** and
**THEODORE GRADEL**, individuals,

        Defendants.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CLARIFY AND TO STAY DESTRUCTION**

The Defendants are prepared to accept, with minor modifications, the conditions that the Plaintiff has proposed with respect to a stay of any requirement that the Defendants destroy tissue that is stored at a tissue bank that certain of the Defendants operate.[1]

---

[1] The Defendants do not agree with the Plaintiff's statements of the relevant facts and law here. The Defendants will not, however, seek to correct those statements, given that the parties are in near agreement as to the next procedural steps in this litigation. Should it become necessary or appropriate, the Defendants will spell out their views on the relevant facts and law. That said, the Defendants do want to respond, briefly, to the Plaintiff's claim that certain of the Defendants statements during the litigation are inconsistent with the operations of the tissue bank. That claim is misplaced and unfair. As the Defendants have noted on numerous occasions, the litigation as framed by the Plaintiff dealt wholly and completely with a same-day surgical procedure. Nothing in that litigation raised the tissue bank, let alone the handling of tissue at the tissue bank. The statements at issue only address the same-day surgical procedure, as that was the only procedure at issue in this litigation.

1

As the Court is aware, the injunction that the Court issued here requires the destruction of certain material that is in the Defendants' possession. *See* ECF 83 ¶ 10. The Defendants believe that that requirement may extend to tissue that is stored at a tissue bank that certain of the Defendants operate. Concerned that the destruction of such tissue will impact third parties who have not yet participated in this litigation, the Defendants moved for a stay of the destruction requirement pending further proceedings.

In response to the Defendants' motion, the Plaintiff has stated that it would accept a stay of the destruction requirement under two conditions. *See* ECF 225 at 5. The first condition is that the Defendants place signage in locations where any potentially affected tissue is stored so as to make clear that the tissue is subject to an injunction and may not be disturbed. The Defendants can agree to that condition.

The second condition is that the Defendants submit to the Plaintiff and the Court an inventory of sorts that identifies certain tissue that is in their possession, custody, or control. The Defendants can generally agree to that condition, but will provide an inventory that is slightly different from that which the Plaintiff proposes. The Defendants will provide an inventory of all tissue stored at the relevant tissue bank that is adipose tissue or derived from adipose tissue.[2] The Defendants will provide a spreadsheet that lists a unique identifying number for each tissue sample,

---

[2] For present purposes only, the Defendants will concede that any tissue in the relevant tissue bank that is adipose tissue or derived from adipose tissue is subject to the Court's Order. Given that concession, describing how and where the tissue was prepared is a moot issue. The Defendants do not, however, waive their right to appeal the Order, or the scope of it.

the box number in which each sample is stored, and the position in each box in which the sample is stored.[3]

The Defendants are therefore hopeful that the Court will grant their motion for a stay of the requirement that they destroy tissue.

---

[3] To protect the privacy of individual patients, the Defendants will not provide the contracts that the patients executed with respect to the tissue. What is more, given a recent filing on behalf of a number of those patients – which included copies of contracts that those patients executed – the Defendants do not believe it necessary to provide additional patient contracts. The contracts that were included in the recent filing are fairly representative of the contracts that patients execute when they send their tissue to the tissue bank.

DATED: July 19, 2019                                   Respectfully Submitted,

                                                                  */s/ Isaac J. Mitrani*  
Isaac J. Mitrani  
Florida Bar No. 348538  
Loren H. Cohen  
Florida Bar No. 303879  
MITRANI, RYNOR,  
ADAMSKY & TOLAND, P.A.  
301 Arthur Godfrey Road, Penthouse  
Miami Beach, FL 33140  
Tel.:   305-358-0050  
Fax:   305-358-0050  
imitrani@mitrani.com  
lcohen@mitrani.com  
dbitran@mitrani.com  
ctenn@mitrani.com  
miamidocketing@mitrani.com  

Todd A. Harrison (admitted pro hac vice)  
Todd H. Halpern (admitted pro hac vice)  
Michael Blume (admitted pro hac vice)  
Stephen R. Freeland (admitted pro hac vice)  
Mary M. Gardner (admitted pro hac vice)  
Venable LLP  
600 Massachusetts Avenue NW  
Washington, DC 20001  

*Attorneys for Defendants US Stem Cell Clinic, LLC, US Stem Cell, Inc., and Kristin C. Comella*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2019, a true and correct copy of the foregoing Reply to Plaintiff's Response to Defendants' Motion to Clarify and to Stay Destruction was filed with the Clerk of the Court via CM/ECF and the CM/ECF system will send a notice of electronic filing to all counsel and parties of record listed on the Service List Below.

*/s/ Isaac J. Mitrani*
Isaac J. Mitrani
Florida Bar No. 348538
MITRANI, RYNOR,
ADAMSKY & TOLAND, P.A.
301 Arthur Godfrey Road, Penthouse
Miami Beach, FL  33140
Tel.:    305-/358-0050
Fax:    305/358-0050
imitrani@mitrani.com
dbitran@mitrani.com
ctenn@mitrani.com
miamidocketing@mitrani.com

*Attorneys for Defendants US Stem Cell Clinic, LLC, US Stem Cell, Inc., and Kristin C. Comella*