UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.: 0 18-cv-61047 (UU)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

US STEM CELL CLINIC, LLC, a Florida
Profit corporation, and KRISTIN C.
COMELLA and THEODORE GRADEL,
individuals,

    Defendants.

_____/



**MOTION TO INTERVENE AND TO STAY THE REQUIREMENT
THAT PATIENT CELLS CURRENTLY STORED IN AN FDA-
REGISTERED TISSUE BANK BE DESTROYED UNTIL
THE INTERVENORS HAVE HAD AN OPPORTUNTY TO BE HEARD**

Intervenors-Patients Katherine Leemon, Ira Leemon, Virginia Porowski, James Porowski, Angie Martin, Tara Russell, Greg Maske, Porter Broughton, Ann-Toy Broughton, Manny Camacho, Amanda A. Camacho, Jayne Federmeyer, Jean Hewitt, Allen Hewitt, Ross Johnson, Kurt Wimberg and Lisa Brady Grant (collectively the "Intervenors-Patients") respectfully move this Court, pursuant to Federal Rule of Civil Procedure 24(a) or alternatively 24(b), and to stay or suspend permanently that portion of a permanent injunction entered on June 25, 2019 which directs Defendants to "destroy any and all SVF Product that is in Defendants' possession, custody, or control" within thirty (30) calendar days of the entry of the order ("Injunction") until the

1

## Introduction

The Intervenors-Patients are the owners of the SVF product that is the subject of the Injunction. For each and every one of these Intervenor-Patients, the stem cells extracted from their bodies and re-injected have represented a vast improvement over the conventional therapies used previously to treat their chronic and oftentimes acute pain. For each of them, the conventional therapies (including in some instances use of opioids), either did not work or the side effects could not be tolerated. It was important to each of them from a health perspective to have their cells banked for future treatment. In short, the stem cells that Plaintiff seeks to destroy were not ***donated*** to US Stem Cell, Inc. They were ***deposited***.

For the reasons which follow, the Intervenor-Patients seek to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure to address paragraph 10 of the Injunction as if they were parties because the ability to protect their respective interests may not be adequately represented by existing parties. Alternatively, the Intervenor-Patients seek permissive intervention under Rule 24(b)(2) because they share a common issue of law or fact and their intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties." Finally, the Intervenor-Patients seek to stay or suspend that portion of the Injunction calling for the destruction of their cells on the grounds that this portion of the Injunction violates the Intervenor-Patients' constitutional right of due process and is tantamount to an unlawful taking of their property without just compensation.

### Point I

### **INTERVENTION AS OF RIGHT IS WARRANTED**

It is respectfully submitted that under Rule 24(a), this Court should permit the Intervenor-Patients to intervene in this action as a matter of right to address that part of the Injunction calling

for the destruction of their stem cells. "An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." The Rule is "is to be liberally construed, with doubts resolved in favor of the proposed intervenor." *Entergy Gulf States Louisiana, L.L.C. v. United States Environmental Protection Agency*, 817 F.3d 198, 203 (5th Cir. 2016)(internal quotation marks and citations omitted).

As explained below, Intervenor-Patients submit that they satisfy each of the four requirements.

A.  **THE MOTION IS TIMELY**

Timeliness depends on the circumstances of each case. Just recently, the Eleventh Circuit held that "[i]ntervention may be timely filed even if it occurs after a case has concluded". *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161 (11th Cir., 2019); *see also Pellegrino v. Nesbit*, 203 F.2d 463, 465 (9th Cir. 1953)("[i]ntervention should be allowed even after a final judgment where it is necessary to preserve some right which cannot otherwise be protected"). The timeliness requirement under Rule 24(a) "is a flexible one, which focuses on the particular facts and circumstances surrounding each application; that intervention of right must be measured by a practical rather than technical yardstick." *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202 (5th Cir. 1992) (internal quotation marks omitted)).

In assessing the timeliness of the motion to intervene under Rule 24(a), four factors are considered: "(1) the length of time during which the would-be intervenor knew or reasonably

3

should have known of his interest in the case before petitioning for leave to intervene; (2) the extent of the prejudice that existing parties may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest; (3) the extent of the prejudice that the would-be intervenor may suffer if denied the opportunity to intervene; and (4) the existence of unusual circumstances weighing for or against a determination of timeliness." *Advance Local Media, LLC*, 918 F.3d at 1171.

In this case, the Injunction was issued less than thirty days ago, and the Intervenor-Patients were informed of it by the Defendants following the issuance of the Injunction. Given that the Intervenor-Patients reside in many different parts of the United States, it is not necessarily true that each heard about the details of the lawsuit or that their banked cells were in jeopardy. Even the entries on the electronic docket are only reviewable through PACER, a paid subscription service. But even if they had knowledge of the suit, that in and of itself is not dispositive. *See Advance Local Media, LLC*, 918 F. 3d at 1171 ("[m]ere knowledge that an action is pending, without appreciation of the potential adverse effect an adjudication of that action may have on one's interests, does not preclude intervention.")(*citing Walters v. City of Atlanta*, 803 F.2d 1135, 1151 n.16 (11th Cir. 1986)). Significantly, there is nothing in the complaint filed by the FDA that would have alerted the Intervenor-Patients that their stem cells would be destroyed if the FDA was successful.

Nor is there any prejudice to the government in permitting such intervention. This motion requests a stay of the destruction portion of the Injunction pending an opportunity to be heard and if successful, a suspension of that part of the Injunction. *See* ECF Docket No. 207. Nor does the

Plaintiff claim that it will be prejudiced if this portion of the Injunction is stayed.[1] By contrast, the Intervenor-Patients will suffer great prejudice as their stem cells will be destroyed by July 25, 2019 if the motion to intervene is not granted and they are not given an opportunity to be heard and granted appropriate relief. While Defendants have not waived their right to take an appeal, their time to do so does not expire until August 24, 2019 or 60 days from the entry of the order. Unless something is done now, the destruction of the Intervenor-Patients' stem cells is to take place no later than July 25, 2019. The prejudice to the Intervenor-Patients could not be clearer.

Finally, there is nothing in the circumstances of this case that militates in favor of the destruction of the Intervenor-Patients' cells prior to an adjudication by the Eleventh Circuit as to the correctness of the injunction entered. *See United Airlines, Inc v. Donald*, 432 U.S. 385, 395-96 (1977)("[t]he critical inquiry in every such case is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment.")

**B.    INTERVENOR-PATIENTS HAVE A PROTECTABLE INTEREST**

The Intervenor-Patients have a direct and cognizable interest in the stem cells that are banked. A legally protectable interest is "something more than an economic interest; rather the law requires that the interest be one which substantive law recognizes as belonging to or being owned by the applicant." *Naples 9, LLC v. Everbank*, Docket No. 11-273 (M.D. Fla., May 18, 2011)(citing *Mt. Hawley Insurance Company v. Sandy Lake Properties, Inc.*, 425 F. 3d 1308, 1311 (11th Cir. 2005)).

Each of these Intervenors, executed a written agreement with US Stem Cell, Inc. (the "Bank") for the purpose of, *inter alia*, processing, expanding, freezing, storing, withdrawing,

---

[1] In fact, in its response to Defendants' Motion Seeking a Stay and for Clarification of the Injunction, the FDA stated that "it does not oppose a temporary stay of the destruction provision." Docket Entry No. 225, pg. 1.

shipping, transporting" the stem cells. The Declarations signed by each of the Intervenor-Patients' together with the agreements each signed are annexed collectively as Exhibit A. The Intervenors-Patients paid an annual fee for the Bank to retain the deposits until such time as the Intervenors-Patients needed them. The Banking Agreement, in the section labeled 3 "Use and Ownership of Tissue" provides the following:

> (a) Patient acknowledges and agrees that the Tissue and the stem cells derived therefrom are for Autologous Use" Autologous Use means that the stem cells derived from the Tissue may only be implanted, transplanted, infused or transferred back into the individual from whom the Tissue was collected. Accordingly, the Tissue and the stem cells derived therefore shall only be used for implantation, transplantation, infusion or transfer back into Patient exclusively.

The Agreement also makes it clear that the Bank is a mere custodian. Section (d) under "Use and Ownership of Tissue" provides as follows:

> (d) Notwithstanding Bank's possession of the Tissue and the stem cells derived therefrom, ***Patient is and shall remain the owner of the Tissue and the stem cells derived therefrom***, until the release or disposition of same by Bank (emphasis added).

Each of the Intervenors-Patients was also given a "Banking Certificate" listing the Intervenor-Patient and a unique patient identification number. Each of them was told to contact banking@us-stemcells.com "to receive information about ***your*** cells." Copies of the certificates are attached to the Declarations of the Intervenor-Patients as Exhibit A (patient ID redacted).

Such an interest qualifies as a protectable interest as there was no intent to donate the cells—only to store them for future treatment.

### C. THE ABILITY TO PROTECT THEIR INTERESTS WILL BE IMPAIRED AND/OR IMPEDED SHORT OF A STAY

The Injunction has directed the destruction of the Intervenor-Patients' stem cells. "Interests in property are the most elementary type of right that Rule 24(a) is designed to protect." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir., 1970).

The Intervenor-Patients are the actual owners of the cells and are seeking to protect their ownership interests because of the regenerative properties offered. *See* Exh. A. The stem cells at issue here were not donated; they were banked. Thus, it is respectfully submitted that *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 264 F. Supp.2d 1064 (S.D. Fla. 2003), cited by this Court in an order dated July 12, 2019 (Docket No. 208), is distinguishable.

### D. THERE IS NO CERTAINTY THAT THE DEFENDANTS MAY ADEQUATELY PROTECT INTERVENOR-PATIENTS' RIGHTS

While Defendants may seek to appeal this issue, there is no guarantee at this point that they will ultimately perfect that appeal. Moreover, the Defendants who are the custodians of the Intervenor-Patients' stem cells, are running a business. For the Intervenor-Patients, the stem cells at issue are part of a regenerative therapy that represents a vast improvement over the conventional therapies (including opioids) that previously represented their only option.

The Intervenor-Patients are entitled to have their interests in their banked cells adequately represented.[2]

---

[2] This is not to say that the Defendants did not present compelling arguments. They clearly did. That, however, is not a sufficient guarantee that Intervenor-Patients will have their particular interests adequately protected and ensure that they will be given an opportunity to be heard.

## Point II

## **ALTERNATIVELY, PERMISSIVE INTERVENTION IS WARRANTED**

Federal Rule of Civil Procedure 24(b)(1)(B) permits this Court, in its discretion, to allow intervention by a person "who has a claim or defense that shares with the main action a common question of law or fact." *Bake House SB, LLC v. City of Miami Beach*, 2017 WL 2645760 *6 (S.D. Fla., June 20, 2017)(internal citations and quotation marks omitted). In exercising its discretion, the Court is required to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

There are common questions of law or fact. *See* Docket No. 208, pg. 7. Indeed, this portion of the statute has been construed liberally by the courts and "'plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *See Bake House SB*, 2017 WL 2645760 *6 (internal citations and quotation marks omitted).

For the reasons set forth above, the Intervenor-Patients submit that a favorable exercise of discretion is warranted. There will be no prejudice to the rights of the government by permitting intervention at this stage, particularly as the FDA does not even opposed a temporary stay. By contrast, the Intervenor-Patients will be severely prejudiced if not permitted to intervene as they face the prospect of their property being destroyed.

As to the timeliness issues, for the reasons set forth above, Intervenor-Patients submit that their motion is timely.

**Point III**

**THE INJUNCTION DIRECTING THE
DESTRUCTION OF THE BANKED STEM CELLS
SHOULD BE PERMANENTLY STAYED OR SUSPENDED**

The Intervenor-Patients adopt in its entirety the legal arguments contained in the Expedited Motion to Intervene and for a Stay of Destruction of Applicants' Property and Other Relief as it relates to the violation of the Intervenor's constitutional rights of due process and that the injunction mandating destruction of the stem cells constitutes an impermissible taking under the Fifth Amendment. *See* Docket No. 215.

**Conclusion**

For the reasons set forth above, the Intervenor-Patients respectfully request that: (1) each be allowed to intervene as of right, or alternatively for this Court to grant permissive intervention, and (2) the Injunction directing Defendants to "destroy any and all SVF Product that is in Defendants' possession, custody, or control" be permanently stayed or suspended, and (3) such other and further relief be granted to the Intervenor-Patients as this Court deems just and equitable in the circumstances.

Dated: July 18, 2019

                                                Respectfully submitted,

                                                LAW OFFICE OF KATHLEEN A. DALY, P.A.

                                        By:   *Kathleen A. Daly*
                                                 Kathleen A. Daly
                                                 Florida Bar No. 112438

                                                 515 N. Flagler Dr., Ste. P300
                                                 West Palm Beach, FL 33401
                                                 Office: (561) 293-8514
                                                 Cell: (917) 301-2437
                                                 Fax No. 800-395-8692

Email: kdaly@kadalylaw.com

Pro Bono Counsel for:

KATHERINE LEEMON, IRA LEEMON, VIRGINIA POROWSKI, JAMES POROWSKI, ANGIE MARTIN, TARA RUSSELL, GREG MASKE, PORTER BROUGHTON, ANN-TOY BROUGHTON, MANNY CAMACHO, AMANDA A. CAMACHO, JAYNE FEDERMEYER, JEAN M. HEWITT, ALLEN J. HEWITT, ROSS JOHNSON, KURT WIMBERG, and LISA BRADY GRANT

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via email and first class mail.

/s/ *Kathleen A. Daly*
Kathleen A. Daly

## SERVICE LIST

| | |
|---|---|
| James Alan Weinkle<br>United States Attorney's Office<br>99 N.E. 4th Street<br>Suite 300<br>Miami, FL 33132<br>305.961.9290<br>Fax: 305.530.7139<br>Email: James.Weinkle@usdoj.gov | Roger J. Gural<br>United States Department of Justice<br>Civil Division, Office of Consumer Litigation<br>450 5th Street, NW<br>Washington, DC 20001<br>202-307-0174<br>Fax: 202-514-8742<br>Email: roger.gural@usdoj.gov |
| Loren Harley Cohen<br>Mitrani, Rynor, Adamsky & Toland, P.A<br>301 Arthur Godfrey Road<br>Penthouse<br>Miami Beach, FL 33140<br>305-358-0050<br>Fax: 358-0550<br>Email: lcohen@mitrani.com | Isaac Jaime Mitrani<br>Mitrani, Rynor, Adamsky & Toland, P.A.<br>301 Arthur Godfrey Road<br>Penthouse<br>Miami Beach, FL 33140<br>(305) 358-0050<br>Fax: (305) 358-0550 |
| Mary M. Gardner<br>Venable LLP<br>600 Massachusetts Avenue, N.W.<br>Washington, DC 20001 | Michael S. Blume<br>Venable LLP<br>Rockefeller Center<br>1270 Avenue of the Americas, 24th Floor<br>New York, NY |
| Stephen R. Freeland<br>Venable LLP<br>600 Massachusetts Avenue, NW<br>Washington, DC 20001<br>202-344-4837<br>Email: srfreeland@Venable.com | Todd H. Halpern<br>Venable LLP<br>600 Massachusetts Avenue, N.W.<br>Washington, DC 20001<br>202.344.4152<br>Email: thhalpern@venable.com |
| Jacob Joseph Givner<br>Givner Law Group, LLP<br>19495 Biscayne Blvd.,<br>Suite 702<br>Aventura, FL 33180<br>305-933-9970<br>Fax: 786-520-2704<br>Email: jgivner@givnerlawgroup.com | Marissa Ximena Kaliman<br>Givner Law Group, LLP<br>19495 Biscayne Blvd.<br>Suite 702<br>Miami, FL 33180<br>305-933-9970<br>Email: mkaliman@givner.law |