UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.: 0 18-cv-61047 (UU)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

US STEM CELL CLINIC, LLC, a Florida
Profit corporation, and KRISTIN C.
COMELLA and THEODORE GRADEL,
individuals,

    Defendants.

_____/

KATHERINE LEEMON, IRA LEEMON,
VIRGINIA POROWSKI,
JAMES POROWSKI, ANGIE MARTIN,
TARA RUSSELL, GREG MASKE,
PORTER BROUGHTON,
ANN-TOY BROUGHTON,
MANNY CAMACHO,
AMANDA A. CAMACHO,
JAYNE FEDERMEYER, JEAN M. HEWITT,
ALLEN J. HEWITT, ROSS JOHNSON,
KURT WIMBURG, and
LISA BRADY GRANT,

    Intervenors.

_____/

FILED BY _MEB_ D.C.

JUL 19 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## INTERVENOR COMPLAINT

    Intervenors Katherine Leemon, Ira Leemon, Virginia Porowski, James Porowski, Angie Martin, Tara Russell, Greg Maske, Porter Broughton, Ann-Toy Broughton, Manny Camacho, Amanda A. Camacho, Jayne Federmeyer, Jean Hewitt, Allen Hewitt, Ross Johnson, Kurt Wimberg

and Lisa Brady Grant (collectively, the Intervenor-Patients), by and through their undersigned counsel, Law Office of Kathleen A. Daly, P.A., and pursuant to 28 U.S.C. §§ 2201-2202 and Rules 24(a), or alternatively, 24(b) and 57 of the Federal Rules of Civil Procedure, for their complaint seeking Declaratory Relief, allege upon information and belief as follows:

## NATURE OF THE ACTION

1) This is an action seeking declaratory relief to stay and/or suspend permanently that portion of a permanent injunction issued by the Court on June 25, 2019 which directs Defendants to "destroy any and all SVF Product that is in Defendants' possession, custody, or control" within thirty (30) calendar days of the entry of the order ("Injunction"). The thirty-day period expires on July 25, 2019. The property in question belongs to the Intervenor-Patients.

2) The Intervenor-Patients have stored their stem cells at a tissue bank that is registered with the United States Food and Drug Administration (the "FDA") and operated by Defendant US Stem Cell, Inc. ("US Stem Cell").

3) The Intervenor-Patients only recently received notice from US Stem Cell that their banked stem cells are slated for destruction July 25, 2019.

4) The Intervenor-Patients submit that it is their property that is about to be destroyed-- property which has, in many instances, profoundly changed their lives for the better. To permit the destruction without an opportunity to be heard on this issue constitutes a denial of fundamental due process and an unconstitutional taking of property. In short, the enforcement of this injunction would enact a manifest injustice against innocent third parties.

## JURISDICTION AND VENUE

5) This action arises under the Fifth Amendment to the United States Constitution and 28 U.S.C. §§ 2201-2202. This Court has jurisdiction over the United States' claims for injunctive relief pursuant to 21 U.S.C. §332(a).

6) This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1345.

7) Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

8) Defendant US Stem Cell Clinic, LLC ("Clinic") is a Florida limited liability company founded in 2014, with its principal place of business located at 12651 Sunrise Blvd., Ste. 104, Sunrise, FL. 33323, within the jurisdiction of this Court.

9) Defendant US Stem Cell is a Florida profit corporation, founded in 1999, with its principal place of business at 13794 Northwest 4th St., Suite 212, Sunrise, FL 33323. US Stem Cell operates the Tissue Bank where the Intervenor-Patients' stem cells are stored (the "Bank").

10) Plaintiff, United States of America (the "United States"), filed this action against the Clinic and US Stem Cell seeking pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 332(a), to restrain alleged violations by the Defendants taking place at USSCC's facilities in violation of 21 U.S.C. § 331(k), 21 U.S.C. § 351 (a)(2)(b), and 21 U.S.C.§ 352(f)(1).

11) Each of the Intervenor-Patients is an individual who owns the stem cells that are stored by US Stem Cells at the Bank.

## STATEMENT OF FACTS

12) The Intervenor-Patients, who live all over the United States, are individuals who have banked their stem cells until such time as they may need them again for treatment.

13) For a great many of the Intervenor Patients the conventional therapies (including in some instances use of opioids), either did not work or the side effects could not be tolerated, which is the reason many of them turned to stem cell therapies and other regenerative therapies such as those offered by US Stem Cell. It was important to each of them from a health perspective to have their cells banked for future treatment. In short, the stem cells that Plaintiff seeks to destroy were not *donated* to the Bank. They were *deposited*.

14) The Bank is registered with the United States Food and Drug Administration (the "FDA") as human cells, tissues, and cellular and tissue -based product establishment. (Docket Entry 1, ¶ 17), pursuant to 21 C.F.R. Part 1271, with an FDA Establishment Identifier of 3005825762.

15) Each of these Intervenors, executed a written agreement with US Stem Cell for the purpose of, *inter alia*, processing, expanding, freezing, storing, withdrawing, shipping, transporting" the stem cells. A copy of the standard agreement signed by each of the Intervenor-Patients is annexed as **Exhibit A** to the Intervenor-Patients' Motion to Intervene.

16) The Intervenors-Patients paid an annual fee for the Bank to retain the deposits until such time as the Intervenors-Patients needed them. The Banking Agreement, in the section labeled 3 "Use and Ownership of Tissue" provides the following:

> (a) Patient acknowledges and agrees that the Tissue and the stem cells derived therefrom are for Autologous Use" Autologous Use means that the stem cells derived from the Tissue may only be implanted, transplanted, infused or transferred back into the individual from whom the Tissue was collected. Accordingly, the Tissue and the stem cells derived therefore shall only be

> used for implantation, transplantation, infusion or transfer back into Patient exclusively.

17) The Agreement also makes it clear that the Bank is a mere custodian. Section (d) under "Use and Ownership of Tissue" provides as follows:

> (d) Notwithstanding Bank's possession of the Tissue and the stem cells derived therefrom, **_Patient is and shall remain the owner of the Tissue and the stem cells derived therefrom_**, until the release or disposition of same by Bank (emphasis added).

18) Each of the Intervenors-Patients was also given a "Banking Certificate" listing the Intervenor-Patient and a unique patient identification number. Each of them was told to contact banking@us-stemcells.com "to receive information about **_your_** cells. *See* Exh. A (patient ID redacted)(emphasis added).

19) Each of the Intervenor-Patients has paid thousands of dollars to first obtain the stem cells and then to cryopreserve and store the stem cells for future release at the request of such Intervenor-Patient.

20) The Intervenor-Patients intend to use the stem cells for private, autologous use and lawful purposes only, when and where such lawful use is or may become available.

21) The Intervenor-Patients have used their stem cells for treatment of debilitating and life threatening diseases and medical conditions. In some cases, the Intervenor-Patients have no other form of effective treatment for such diseases and medical conditions.

22) The Stem Cells cannot be replaced by stems cells of the same quality.

23) Upon information and belief, scientific evidence indicates that stem cells that are cryopreserved and banked, like the Intervenor-Patients stem cells, maintain the quality and age of the individual they were extracted from at the time when such stem cells were extracted and stored. Because human stem cells degrade as a person ages, the Intervenor-Patients have no way of

replicating their stored stem cells, which have been extracted and cryopreserved when each of the Intervenor-Patients' stem cells was younger.

24) Because the stem cells in the Bank are of a higher quality than any stem cells which could be extracted from the Intervenor-Patients currently or in the future, the stem cells are irreplaceable.

25) Even if the Intervenors cannot use the stem cells at the Stem Cell Clinic, they may be able to use them in other settings in this Country. *See, e.g.,* Docket Entry No. 215-4, ¶¶ 24-27 (complaint of other Intervenors).

26) Upon information and belief, stem cells derived from adipose tissue are used regularly in Europe. This is to say, the Intervenor-Patients can use their preserved cells—for which they paid a great deal of money—for future treatment.

27) Such an interest qualifies as a protectable interest as there was no intent to donate the cells—only to store them for future treatment.

28) In terms of Notices, the Intervenor-Patients only received notice of the Injunction and the threat to their stored stem cells sometime after June 25, 2019 by US Stem Cells. Since that notification, these intervenors have been scrambling. Several have already written to the Court to implore it to stay or suspend that portion of the injunction directing the destruction of their cells. Undersigned counsel in this case is representing these Intervenor-Patients pro bono.

29) The Complaint filed by the FDA makes no allegation of unapproved actions taken by US Stem Cell with respect to the Bank. Specifically, there was no allegation that the FDA inspected or found malfeasance at the Bank.

30) The Intervenor-Patients are not named parties in this action.

31) They were never notified in advance that the government was proposing permanent injunction calling for the destruction of the stem cells.

32) The Intervenor-Patients have not been afforded an opportunity to be heard before the issuance of the injunction and more particularly, paragraph 10 of the Injunction.

33) The Injunction Order provides Intervenors with no compensation for the Court ordered destruction of their stem cells.

## COUNT I

## VIOLATION OF DUE PROCESS

34) Intervenor-Patients re-alleges paragraphs 1 - 33 of this Complaint and further alleges the following.

35) The stem cells stored at the Bank are the sole property of the Intervenor-Patients from whom they were extracted.

36) The Intervenor-Patients did not receive notice or have an opportunity to be heard prior to the entry of the Injunction.

37) The Destruction of the Intervenor-Patients' stem cells would constitute a deprivation of property by the United States without due process of law in violation of the Fifth Amendment to the United States Constitution.

38) Upon information and belief, the United States of America disagrees with the position and the considers the banked stem cells misbranded or adulterated drugs.

39) Intervenor-Patients are in doubt about their rights under the Injunction Order and the Fifth Amendment to the United States Constitution.

40) Intervenors-Patients are entitled to a judgment declaring that each Intervenor's stem cells are the sole property of such Intervenor-Patient and that the destruction of the SVF Product

owned by the non-defendants Intervenor-Patients and stored at the Bank pursuant to the Injunction violates the Intervenor-Patient rights to due process of law in violation of the Fifth Amendment to the United States Constitution.

WHEREFORE, Intervenors respectfully request that this Court (i) declare Paragraph 10 of the Injunction Order void as to the third-party owned stem cells, including those owned by the Intervenor-Patients and stored at the Bank, (ii) modify and/or clarify the Injunction to prevent destruction of the SVF product and stem cells including the stem cells owned by the Intervenor-Patients , and (iii) enter such further relief as is just and proper.

## COUNT II

### DECLARATORY RELIEF – UNCONSITUTIONAL TAKING

41) Intervenor-Patients re-alleges paragraphs 1 - 33 of this Complaint and further alleges the following.

42) Certain and readily-identifiable stem cells stored in the Bank are the sole property of the Patient-Intervenors.

43) The Intervenor-Patients did not receive notice prior to the entry of the Injunction.

44) The Intervenor-Patients did not have an opportunity to be heard in this action prior to entry of the Injunction.

45) The Intervenor-Patients take the position that the provisions of the Injunction directing destruction of their stem cells would constitute a regulatory taking of property by the United States without adequate compensation in violation of the Fifth Amendment to the United States Constitution.

46) Upon information and belief, the United States of America disagrees.

47) The Intervenor-Patients are in doubt about their rights under the Injunction and the Fifth Amendment to the United States Constitution.

48) Intervenor-Patients are entitled to a judgment declaring that destruction of the SVF product owned by non-Defendant Intervenor-Patients and stored at the Bank pursuant to the Injunction would constitute a regulatory taking without just compensation in violation of Intervenors-Patients' rights under the Fifth Amendment to the United States Constitution.

WHEREFORE, Intervenor-Patients respectfully request that this Court (i) declare Paragraph 10 of the Injunction void as to the third-party Intervenor-Patients' stem cells which are currently stored at the Bank, (ii) modify and/or clarify the Injunction to prevent destruction of the third-party owned SVF product which contain Intervenor-Patients' stem cells, (iii) require that any destruction of the SVF product of third parties including those belonging to the Intervenor-Patients would constitute a regulatory taking requiring the payment of just compensation and a determination as to what that payment shall be, and (iv) grant such other and further relief as is just and proper.

## COUNT III

### DECLARTORY RELIEF: INTERVENOR-PATIENTS' STEM CELLS BEYOND THE SCOPE OF THE INJUNCTION

49) Intervenor-Patients re-alleges paragraphs 1 - 33 of this Complaint and further alleges the following.

50) The United States of America and US Stem Cell have taken the position that Intervenors' Stem Cells stored at the Tissue Bank are included in the Court's definition of "SVF Product" pursuant to paragraph 3.F of the Injunction Order. (Docket Entry # 83, ¶ 3.F).

51) The United States of America has interpreted paragraph 10 of the Injunction Order to require the destruction of Intervenors-Patients' Stem Cells as "SVF Product that is in Defendants' possession, custody, or control." (Docket Entry 83, ¶ 10).

52) US Stem Cell believes that paragraph 10 of the Injunction Order may require the destruction of Intervenors' Stem Cells as "SVF Product that is in Defendants' possession, custody or control." (Docket Entry 83, 10).

53) The Intervenor-Patients seek declaratory judgment from this Court that stem cells owned by non-Defendant third-parties and stored at the Bank are excluded from the Court's definition of "SVF Product" in paragraph 3.F of the Injunction., and that the Intervenor-Patients' Stem Cells are therefore not subject to the destruction order contained in paragraph 10 of the Injunction or otherwise effected by the Order.

54) Intervenor-Patients are in doubt about their rights under the Injunction.

WHEREFORE, Intervenor-Patients demand judgment declaring that their bought and paid for Stem Cells do not fall under the definition of "SVF Product" for the purposes of the Injunction and should not be destroyed pursuant to the Injunction and are otherwise unaffected by the Injunction.

Dated: July 18, 2019

LAW OFFICE OF KATHLEEN A. DALY, P.A.

By: *Kathleen A. Daly*
Kathleen A. Daly
Florida Bar No. 112438

515 N. Flagler Dr., Ste. P300
West Palm Beach, FL 33401
Office: (561) 293-8514
Cell: (917) 301-2437

Fax No. 800-395-8692
Email: kdaly@kadalylaw.com

Pro Bono Counsel for:

KATHERINE LEEMON, IRA LEEMON, VIRGINIA POROWSKI, JAMES POROWSKI, ANGIE MARTIN, TARA RUSSELL, GREG MASKE , PORTER BROUGHTON, ANN TOY BROUGHTON, MANNY CAMACHO, AMANDA A. CAMACHO, JAYNE FEDERMEYER, JEAN M. HEWITT and ALLEN J. HEWITT, ROSS JOHNSON, KURT WIMBERG, and LISA BRADY GRANT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via email and first class mail.

*/s/ Kathleen A. Daly*
Kathleen A. Daly

## SERVICE LIST

| | |
|---|---|
| James Alan Weinkle<br>United States Attorney's Office<br>99 N.E. 4th Street<br>Suite 300<br>Miami, FL 33132<br>305.961.9290<br>Fax: 305.530.7139<br>Email: James.Weinkle@usdoj.gov | Roger J. Gural<br>United States Department of Justice<br>Civil Division, Office of Consumer Litigation<br>450 5th Street, NW<br>Washington, DC 20001<br>202-307-0174<br>Fax: 202-514-8742<br>Email: roger.gural@usdoj.gov |
| Loren Harley Cohen<br>Mitrani, Rynor, Adamsky & Toland, P.A<br>301 Arthur Godfrey Road<br>Penthouse<br>Miami Beach, FL 33140<br>305-358-0050<br>Fax: 358-0550<br>Email: lcohen@mitrani.com | Isaac Jaime Mitrani<br>Mitrani, Rynor, Adamsky & Toland, P.A.<br>301 Arthur Godfrey Road<br>Penthouse<br>Miami Beach, FL 33140<br>(305) 358-0050<br>Fax: (305) 358-0550 |
| Mary M. Gardner<br>Venable LLP<br>600 Massachusetts Avenue, N.W.<br>Washington, DC 20001 | Michael S. Blume<br>Venable LLP<br>Rockefeller Center<br>1270 Avenue of the Americas, 24th Floor<br>New York, NY |
| Stephen R. Freeland<br>Venable LLP<br>600 Massachusetts Avenue, NW<br>Washington, DC 20001<br>202-344-4837<br>Email: srfreeland@Venable.com | Todd H. Halpern<br>Venable LLP<br>600 Massachusetts Avenue, N.W.<br>Washington, DC 20001<br>202.344.4152<br>Email: thhalpern@venable.com |
| Jacob Joseph Givner<br>Givner Law Group, LLP<br>19495 Biscayne Blvd.,<br>Suite 702 | Marissa Ximena Kaliman<br>Givner Law Group, LLP<br>19495 Biscayne Blvd.<br>Suite 702 |

| Aventura, FL 33180 | Miami, FL 33180 |
| --- | --- |
| 305-933-9970 | 305-933-9970 |
| Fax: 786-520-2704 | Email: mkaliman@givner.law |
| Email: jgivner@givnerlawgroup.com | |
| | |