**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

Case No.: 0 18-cv-61047 (UU)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

US STEM CELL CLINIC, LLC, a Florida
Profit corporation, and KRISTIN C.
COMELLA and THEODORE GRADEL,
individuals,

        Defendants.

_____/

**MOTION TO INTERVENE AND TO STAY THE REQUIREMENT
THAT PATIENT CELLS CURRENTLY STORED IN AN FDA-
REGISTERED TISSUE BANK BE DESTROYED UNTIL
THE INTERVENOR HAS HAD AN OPPORTUNTY TO BE HEARD**

    Intervenor Nigel Witsey, as the legal guardian of his son, Matthew Witsey respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 24(a) or alternatively 24(b), and to stay or suspend permanently that portion of a permanent injunction entered on June 25, 2019 which directs Defendants to "destroy any and all SVF Product that is in Defendants' possession, custody, or control" ("Injunction") until he has been given an opportunity to be heard on this issue. The June 25th order was modified by an Omnibus Order entered on July 31, 2019 (Docket Entry No. 248) which denied without prejudice the motions of other intervenors who sought to stay that portion of the Injunction directing the destruction of banked cells on the ground that, as owners of the stem cells, they had the right to be heard. *See* Docket Entry 236. Currently, there is a stay of

1

the Injunction that now directs the destruction "within 30 days after the deadline for a timely appeal of the injunction or if Defendants timely appeal[], within 30 days after the Eleventh Circuit Court of Appeals' mandate as to such an appeal." Docket Entry 248 at pg. 2.

In connection with his motion, Mr. Witsey attaches his Declaration as Exhibit A. Mr. Witsey's complaint is annexed to this motion. Mr. Witsey is submitting this motion now, notwithstanding the Court's July 31, 2019 ruling, in order to protect his rights going forward, including his appeal rights. In addition, Mr. Witsey could not have moved before obtaining an order permitting him to make the motion from the Probate Division of the Sixth Judicial Circuit for Pinellas County Florida, Probate Division. That order has now been obtained. *See* Exh. A.[1]

## Introduction

Matthew Witsey was gravely injured in a car accident. As set forth in Nigel Witsey's declaration, Matthew received stem cells treatments that have greatly assisted in Matthew's healing process.[2] As with the other intervenors who have filed motions, Mr. Witsey is the owner of the stem cells that are currently banked at US Stem Cells and are set to be destroyed per the Injunction. Mr. Witsey adopts the arguments raised in the intervenor motions currently filed. *See* Docket Entries No. 236.

For the reasons which follow, Mr. Witsey seeks to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure to address paragraph 10 of the Injunction as if he was a party because the ability to protect Matthew's interests may not be adequately represented

---

[1] *See Flying J, Inc. v. Van Hollen*, 578 F.3d 569 (7th Cir. 2009).

[2] In many ways, Mr. Witsey's declaration of Matthew's improvement as a result of the stem cell treatments, mirrors the accounts of the many, many other people who have written to the Court about the healing benefits they received and who have pleaded with the Court to halt this portion of the Injunction. *See* Docket Entries starting at No. 81.

by existing parties.  Alternatively, Mr. Witsey seeks permissive intervention under Rule 24(b)(2) because his claims shares a common issue of law or fact and his intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties."  Finally, Mr. Witsey seeks to stay or suspend that portion of the Injunction calling for the destruction of Matthew's cells on the grounds that this portion of the Injunction violates his constitutional right of due process and is tantamount to an unlawful taking of his property without just compensation.

**Point I**

**<u>INTERVENTION AS OF RIGHT IS WARRANTED</u>**

It is respectfully submitted that under Rule 24(a), this Court should permit Mr. Witsey to intervene in this action as a matter of right to address that part of the Injunction calling for the destruction of Matthew's stem cells.  "An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met:  (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest."  The Rule is "is to be liberally construed, with doubts resolved in favor of the proposed intervenor."  *Entergy Gulf States Louisiana, L.L.C. v. United States Environmental Protection Agency*, 817 F.3d 198, 203 (5th Cir. 2016)(internal quotation marks and citations omitted).

As explained below, Mr. Witsey (similarly to the other intervenors) submits that he satisfies each of the four requirements.[3]

---

[3]   With respect to the standing requirement, Mr. Witsey adopts the arguments as set forth in the Intervenor Motion, dated July 15, 2019 at pg. 6-7 (Docket Entry No. 215).

3

**A.     THE MOTION IS TIMELY**

Timeliness depends on the circumstances of each case. Just recently, the Eleventh Circuit held that "[i]ntervention may be timely filed even if it occurs after a case has concluded". *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161 (11th Cir., 2019); *see also Pellegrino v. Nesbit*, 203 F.2d 463, 465 (9th Cir. 1953)("[i]ntervention should be allowed even after a final judgment where it is necessary to preserve some right which cannot otherwise be protected"). The timeliness requirement under Rule 24(a) "is a flexible one, which focuses on the particular facts and circumstances surrounding each application; that intervention of right must be measured by a practical rather than technical yardstick." *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202 (5th Cir. 1992) (internal quotation marks omitted)).

In assessing the timeliness of the motion to intervene under Rule 24(a), four factors are considered: "(1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before petitioning for leave to intervene; (2) the extent of the prejudice that existing parties may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest; (3) the extent of the prejudice that the would-be intervenor may suffer if denied the opportunity to intervene; and (4) the existence of unusual circumstances weighing for or against a determination of timeliness." *Advance Local Media, LLC,* 918 F.3d at 1171.

In this case, the omnibus order was issued less than 30 days ago, and Mr. Witsey was informed shortly afterward about the order and the postponement of the Injunction. *See* Docket Entry No. 252. Moreover, and in Mr. Witsey's case, he needed a court order as Matthew's guardian in order to proceed. *See* Exh. A. As noted in a prior Intervenor Motion, even if Mr. Witsey had knowledge of the suit, that in and of itself is not dispositive. *See Advance Local*

4

*Media, LLC*, 918 F. 3d at 1171 ("[m]ere knowledge that an action is pending, without appreciation of the potential adverse effect an adjudication of that action may have on one's interests, does not preclude intervention.")(*citing Walters v. City of Atlanta*, 803 F.2d 1135, 1151 n.16 (11th Cir. 1986)). Significantly, there is nothing in the complaint filed by the FDA that would have alerted Mr. Witsey that Matthew's stem cells would be destroyed if the FDA was successful.

Nor is there any prejudice to the government in permitting such intervention. This motion requests a stay of the destruction portion of the Injunction pending an opportunity to be heard and if successful, a suspension of that part of the Injunction. *See* ECF Docket No. 207. Nor does the Plaintiff claim that it will be prejudiced if this portion of the Injunction is stayed. By contrast, Mr. Witsey will suffer great prejudice as Matthew's cells will be destroyed by if the motion to intervene is not granted, an appeal not taken and he is not given an opportunity to be heard and granted appropriate relief. The postponement does not alleviate the prejudice to Mr. Witsey as the omnibus order makes clear that the more immediate decision lies solely with the Defendants and whether they will file an appeal. Yet the Defendants do not own the stem cells.

Finally, there is nothing in the circumstances of this case that militates in favor of the destruction of Matthew's cells prior to an adjudication by the Eleventh Circuit as to the correctness of the Injunction. *See United Airlines, Inc v. Donald*, 432 U.S. 385, 395-96 (1977)("[t]he critical inquiry in every such case is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment.") By this motion, Mr. Witsey is seeking to preserve his rights going forward.

**B.**     **THE INTERVENOR HAS A PROTECTABLE INTEREST**

Mr. Witsey has a direct and cognizable interest in the stem cells that are banked. A legally protectable interest is "something more than an economic interest; rather the law requires that the

interest be one which substantive law recognizes as belonging to or being owned by the applicant." *Naples 9, LLC v. Everbank*, Docket No. 11-273 (M.D. Fla., May 18, 2011)(citing *Mt. Hawley Insurance Company v. Sandy Lake Properties, Inc.*, 425 F. 3d 1308, 1311 (11th Cir. 2005)).

Mr. Witsey executed a written agreement with US Stem Cell, Inc. (the "Bank") for the purpose of, *inter alia*, processing, expanding, freezing, storing, withdrawing, shipping, transporting" the stem cells. Mr. Witsey's declaration (with attached exhibits) is annexed to this Motion. The Banking Agreement, in the section labeled 3 "Use and Ownership of Tissue" provides the following:

> (a) Patient acknowledges and agrees that the Tissue and the stem cells derived therefrom are for "Autologous Use" Autologous Use means that the stem cells derived from the Tissue may only be implanted, transplanted, infused or transferred back into the individual from whom the Tissue was collected. Accordingly, the Tissue and the stem cells derived therefore shall only be used for implantation, transplantation, infusion or transfer back into Patient exclusively.

The Agreement also makes it clear that the Bank is a mere custodian. Section (d) under "Use and Ownership of Tissue" provides as follows:

> (d) Notwithstanding Bank's possession of the Tissue and the stem cells derived therefrom, ***Patient is and shall remain the owner of the Tissue and the stem cells derived therefrom***, until the release or disposition of same by Bank (emphasis added).

Mr. Witsey was also given a "Banking Certificate" listing Matthew Witsey as the owner and provided a unique patient identification number. The certificate provides that as owner, Mr. Witsey should contact banking@us-stemcells.com "to receive information about ***your*** cells" (emphasis added). Copies of the Stem Cell Agreement and the Certificate are annexed together as Exhibit B to the Declaration of Nigel Witsey.

6

Such an interest qualifies as a protectable interest as there was no intent to donate the cells—only to store them for future treatment.

C. **THE ABILITY TO PROTECT THEIR INTERESTS WILL BE IMPAIRED AND/OR IMPEDED SHORT OF A STAY**

The Injunction has directed the destruction of the intervenor's stem cells. "Interests in property are the most elementary type of right that Rule 24(a) is designed to protect." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir., 1970).

Mr. Witsey is the owner of the cells and is seeking to protect his ownership interest on behalf of Matthew because of the regenerative properties offered. *See* Exh. A. The stem cells at issue here were not donated; they were banked. Thus, it is respectfully submitted that *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 264 F. Supp.2d 1064 (S.D. Fla. 2003), cited by this Court in an order dated July 12, 2019 (Docket No. 208), is distinguishable.

D. **THERE IS NO CERTAINTY THAT THE DEFENDANTS MAY ADEQUATELY PROTECT INTERVENOR'S RIGHTS**

While Defendants may seek to appeal this issue, there is no guarantee at this point that they will ultimately perfect that appeal. Moreover, the Defendants who are the custodians of the Matthew's stem cells, are running a business. For Mr. Witsey and Matthew, the stem cells at issue are part of a regenerative therapy. As Mr. Witsey, who is Matthew's legal guardian, the administration of the stem cells has resulted in a marked improvement in Matthew's condition. Matthew and his family want that healing process to continue.

Mr. Witsey is entitled to have Matthew's interests in the banked cells adequately represented.[4]

---

[4] This is not to say that the Defendants did not present compelling arguments. They clearly did. That, however, is not a sufficient guarantee that Mr. Witsey will have Matthew's particular

**Point II**

**<u>ALTERNATIVELY, PERMISSIVE INTERVENTION IS WARRANTED</u>**

Federal Rule of Civil Procedure 24(b)(1)(B) permits this Court, in its discretion, to allow intervention by a person "who has a claim or defense that shares with the main action a common question of law or fact."  *Bake House SB, LLC v. City of Miami Beach*, 2017 WL 2645760 *6 (S.D. Fla., June 20, 2017)(internal citations and quotation marks omitted).  In exercising its discretion, the Court is required to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

There are common questions of law or fact.  *See* Docket No. 208, pg. 7.  Indeed, this portion of the statute has been construed liberally by the courts and "'plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *See Bake House SB*, 2017 WL 2645760 *6 (internal citations and quotation marks omitted).

For the reasons set forth above, Mr. Witsey submits that a favorable exercise of discretion is warranted.  There will be no prejudice to the rights of the government by permitting intervention at this stage.  As noted by the Court in *Flying J*, "neither the 'impair or impede' requirement nor the 'interest' requirement is repeated in the subpart of Rule 24 that governs permissive intervention." Id., 578 F. 3d at 573.

As to the timeliness issues, for the reasons set forth above, Mr. Witsey submits that his motion is timely.

---

interests adequately protected and ensure that he will be given an opportunity to be heard—either before the District Court or on Appeal to the Eleventh Circuit. *See Flying J*, 578 F.3d at 573.

**Point III**

**THE INJUNCTION DIRECTING THE
DESTRUCTION OF THE BANKED STEM CELLS
SHOULD BE PERMANENTLY STAYED OR SUSPENDED**

Mr. Witsey adopts in its entirety the legal arguments contained in the Expedited Motion to Intervene and for a Stay of Destruction of Applicants' Property and Other Relief as it relates to the violation of the Intervenor's constitutional rights of due process and that the injunction mandating destruction of the stem cells constitutes an impermissible taking under the Fifth Amendment. *See* Docket No. 215.

**Conclusion**

For the reasons set forth above, Nigel Witsey respectfully requests that: (1) he be allowed to intervene as of right, or alternatively for this Court to grant permissive intervention, and (2) the Injunction directing Defendants to "destroy any and all SVF Product that is in Defendants' possession, custody, or control" be permanently stayed or suspended, and (3) such other and further relief be granted to the Intervenor-Patients as this Court deems just and equitable in the circumstances.

Dated: August 20, 2019

                                              Respectfully submitted,

                                              LAW OFFICE OF KATHLEEN A. DALY, P.A.

By:   *Kathleen A. Daly*
        Kathleen A. Daly
        Florida Bar No. 112438

        515 N. Flagler Dr., Ste. P300
        West Palm Beach, FL 33401
        Office: (561) 293-8514
        Cell: (917) 301-2437
        Fax No.  800-395-8692

Email: kdaly@kadalylaw.com

Pro Bono Counsel for Nigel Witsey

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel for parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Kathleen A. Daly
Kathleen A. Daly

**SERVICE LIST**

| | |
|---|---|
| James Alan Weinkle<br>United States Attorney's Office<br>99 N.E. 4th Street<br>Suite 300<br>Miami, FL 33132<br>305.961.9290<br>Fax: 305.530.7139<br>Email: James.Weinkle@usdoj.gov | Roger J. Gural<br>United States Department of Justice<br>Civil Division, Office of Consumer Litigation<br>450 5th Street, NW<br>Washington, DC 20001<br>202-307-0174<br>Fax: 202-514-8742<br>Email: roger.gural@usdoj.gov |
| Loren Harley Cohen<br>Mitrani, Rynor, Adamsky & Toland, P.A<br>301 Arthur Godfrey Road<br>Penthouse<br>Miami Beach, FL 33140<br>305-358-0050<br>Fax: 358-0550<br>Email: lcohen@mitrani.com | Isaac Jaime Mitrani<br>Mitrani, Rynor, Adamsky & Toland, P.A.<br>301 Arthur Godfrey Road<br>Penthouse<br>Miami Beach, FL 33140<br>(305) 358-0050<br>Fax: (305) 358-0550 |
| Mary M. Gardner<br>Venable LLP<br>600 Massachusetts Avenue, N.W.<br>Washington, DC 20001 | Michael S. Blume<br>Venable LLP<br>Rockefeller Center<br>1270 Avenue of the Americas, 24th Floor<br>New York, NY |

| | |
|---|---|
| Stephen R. Freeland<br>Venable LLP<br>600 Massachusetts Avenue, NW<br>Washington, DC 20001<br>202-344-4837<br>Email: srfreeland@Venable.com | Todd H. Halpern<br>Venable LLP<br>600 Massachusetts Avenue, N.W.<br>Washington, DC 20001<br>202.344.4152<br>Email: thhalpern@venable.com |
| Jacob Joseph Givner<br>Givner Law Group, LLP<br>19495 Biscayne Blvd.,<br>Suite 702<br>Aventura, FL 33180<br>305-933-9970<br>Fax: 786-520-2704<br>Email: jgivner@givnerlawgroup.com | Marissa Ximena Kaliman<br>Givner Law Group, LLP<br>19495 Biscayne Blvd.<br>Suite 702<br>Miami, FL 33180<br>305-933-9970<br>Email: mkaliman@givner.law |