**EXHIBIT A**

FILED 12/07/2017 12:22:00 KEN BURKE, CLERK OF THE CIRCUIT COURT AND COMPTROLLER, PINELLAS COUNTY FLORIDA

IN THE CIRCUIT COURT, SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
PROBATE DIVISION
UCN: 522017MH009500XXINXX
UCN: 522017GA008019XXGDXX
REF #: 17-9500-IN-4
REF #: 17-8019-GD-4

IN RE: The Guardianship of
MATTHEW WITSEY
Incapacitated

## LETTERS OF PLENARY CO-GUARDIANSHIP

TO WHOM IT MAY CONCERN:

WHEREAS, Caroline Witsey and Nigel G. Witsey have been appointed Plenary Co-Guardians of MATTHEW WITSEY, an Incapacitated Person, and have taken the prescribed oath and performed all other acts necessary to qualify as such Guardian.

NOW, THEREFORE, I, the undersigned judge of the above-entitled Court, declare Caroline Witsey and Nigel G. Witsey duly qualified under the laws of the State of Florida to act as the Plenary Co-Guardians of MATTHEW WITSEY, an Incapacitated Person, and to act on behalf of MATTHEW WITSEY, with the power and duty to exercise the following rights and duties according to law for the benefit of and in the best interest of MATTHEW WITSEY:

- To contract
- To sue and defend lawsuits
- To manage income, to manage tangible and intangible property, including bank accounts, investment accounts, and any other asset titled in the ward's name, and to make any gift or other disposition of such property
- To apply for government benefits
- To determine residence
- To consent to medical treatment
- To make decisions about the Ward's social environment or other social aspects of the Ward's life

These letters do not authorize the Co-Guardians to exercise the following rights without prior court approval:

1. Remove any contents of the ward's safe deposit box. However, the Co-Guardians may conduct the initial opening of the Ward's safe deposit box in the presence of an employee of the institution where the box is located, without court order. The employee must verify the contents

of the safe deposit box by signing a copy of the inventory pursuant to section 744.365(4)(a), Florida Statutes (2017).

2. Perform, compromise or refuse performance of contracts of the ward that existed at the time of adjudication.
3. Make ordinary or extraordinary repairs or alterations in buildings or other structures.
4. Execute, exercise or release any powers as trustee, personal representative, custodian for minors, conservator, or donee of any power of appointment or other power.
5. Abandon property.
6. Pay calls, assessments, and other sums chargeable or accruing against, or on account of, securities.
7. Borrow money, with or without security, to be repaid from the estate assets or otherwise, and advance money for the protection of the estate.
8. Effect a compromise with any debtor or obligor or extend, renew, or in any manner modify the terms of any obligation owing to the estate.
9. Prosecute or defend claims or proceedings in any jurisdiction.
10. Sell, mortgage, or lease any real or personal property, including homestead property, or perform any act which alters or divests any interest of the ward in land.
11. Continue any unincorporated business or venture in which the ward was engaged.
12. Purchase real estate.
13. Exercise any option contained in any policy of insurance payable to, or inuring to, the benefit of the ward.
14. Pay funeral, interment and grave marker expenses for the ward from the ward's estate.
15. Make gifts of the ward's property.
16. Create revocable or irrevocable trusts of property of the ward's estate.
17. Renounce or disclaim any interest by testate or intestate succession or by inter vivos transfer.

The guardian also may not act on behalf of the ward respecting any matters set forth in sections 744.3215(a) through (e), section 744.446 or section 765.305 (1), without prior Court approval.

WITNESS my hand and seal of this Court _____.

12/07/2017 09:59:29 AM

_____
CIRCUIT COURT JUDGE
Mark T. Shames, Circuit Judge

FILED 12/07/2017 12:20:37 KEN BURKE, CLERK OF THE CIRCUIT COURT AND COMPTROLLER, PINELLAS COUNTY FLORIDA

IN THE CIRCUIT COURT, SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA PROBATE DIVISION
UCN: 522017MH009500XXINXX
UCN: 522017GA008019XXGDXX
REF #: 17-9500-IN-4
REF #: 17-8019-GD-4
IN RE: The Guardianship of
MATTHEW WITSEY
Incapacitated

## ORDER DETERMINING INCAPACITY AND APPOINTING PLENARY CO-GUARDIANS

THIS CAUSE having come on for hearing on December 5, 2017, before this Court on the Findings and Recommendations of the General Magistrate for Pinellas County, Florida, on the Petition to Determine Incapacity filed by Caroline Witsey and Nigel G. Witsey and the Petition for Appointment of Guardian of the Person and Property filed herein by Caroline Witsey and Nigel G. Witsey. The undersigned Circuit Judge having examined the court file and the Report of the Magistrate, and being otherwise fully advised in the premises, it is thereupon,

ORDERED AND ADJUDGED that the Findings and Recommendations of the General Magistrate signed on December 7, 2017, are approved, ratified, confirmed and adopted as the Order of this Court and incorporated herein by reference, all parties shall be governed thereby and shall comply with the same in each and every one of its particulars, and the Court adopts each and every finding and recommendation contained in the Report as this Court's Order and the parties shall comply with each of them therewith.

**IT IS HEREBY FOUND THAT:**

MATTHEW WITSEY suffers from mental and/or physical disabilities and lacks the capacity to take those actions necessary to meet essential health and safety requirements, or to manage property, to the extent that MATTHEW WITSEY is incapable of exercising the following rights:

    A.    Non-delegable rights:
To marry
To vote
To have a driver's license
To travel
To seek and retain employment

    B.    Delegable rights that may be exercised by the guardian:
To contract
To apply for government benefits
To sue and defend lawsuits
To manage property and income or to make any gift of disposition of property
To determine residence
To consent to medical treatment
To make decisions about the Ward's social environment or other social aspects of the Ward's life

After consideration of reasonable alternatives to guardianship, the Court finds that no alternative will adequately protect the welfare and interests of the Ward. Consequently, it is in the best interests of MATTHEW WITSEY that a Plenary Guardianship be established.

THE COURT FURTHER FINDS that, based on the evidence before the Court:

Caroline Witsey and Nigel G. Witsey, the proposed Co-Guardians of MATTHEW WITSEY, reside in the State of Florida, are sui juris, and eighteen years of age or older. Caroline Witsey and Nigel G. Witsey are not disqualified from acting as Co-Guardians by reason of a prior felony, by illness or other incapacity, or by reason of a conflict of interest with the Ward as set out in section 744.309(3), Florida Statutes (2017). Caroline Witsey and Nigel G. Witsey are not creditors of, do not provide substantial business or professional service to, are not providers of health care services to, nor are Caroline Witsey and Nigel G. Witsey employed by an individual or entity who provides or is likely to provide such services to MATTHEW WITSEY. Therefore, Caroline Witsey and Nigel G. Witsey have no conflict of interest with MATTHEW WITSEY as set out in section 744.446.

The proposed Co-Guardians have not completed the 8-hour basic education course required for family/nonprofessional guardians and must complete it within four months from date of appointment and provide proof of completion of the course to the Clerk of the Courts.

ACCORDINGLY, it is

ORDERED AND ADJUDGED that MATTHEW WITSEY is hereby found, based on the clear and convincing evidence before the Court, to be incapacitated and in need of the appointment of a guardian of the Person and Property.

Caroline Witsey and Nigel G. Witsey are appointed Plenary Co-Guardians of the Person and Property of MATTHEW WITSEY. It is the authority and the duty of the appointed Co-Guardians of the Person and Property to exercise the above listed delegable rights and privileges, and to act on behalf of the Ward respecting these rights and privileges to the extent they have been removed from the Ward.

This order does not empower the guardian to undertake any action. Letters of guardianship shall be issued specifying the authority of the guardian to act on behalf of the ward.

The status and amount of the Alleged Incapacitated Person's assets, if any, is not known at this time. However, if and when liquid assets are located or the alleged incapacitated person obtains funds, the Co-Guardians shall file a bond or petition for restricted depository within ten (10) days of receipt of funds.

The Co-Guardians may not exercise the following rights without prior court approval:

1. Remove any contents of the ward's safe deposit box. However, the Co-Guardians may conduct the initial opening of the Ward's safe deposit box in the presence of an employee of the institution where the box is located, without court order. The employee must verify the contents of the safe deposit box by signing a copy of the inventory pursuant to section 744.365(4) (a).
2. Perform, compromise or refuse performance of     contracts of the ward that existed at the time of adjudication.

3. Make ordinary or extraordinary repairs or alterations in buildings or other structures.
4. Execute, exercise, or release any powers as trustee, personal representative, and custodian for minors, conservator, or donee of any power of appointment or other power.
5. Abandon property.
6. Pay calls, assessments, and other sums chargeable or accruing against, or on account of, securities.
7. Borrow money, with or without security, to be repaid from the estate assets or otherwise and advance money for the protection of the estate.
8. Effect a compromise with any debtor or obligor or extend, renew, or in any manner modify the terms of any obligation owing to the estate.
9. Prosecute or defend claims or proceedings in any jurisdiction.
10. Sell, mortgage, or lease any real or personal property, including homestead property or perform any act which alters or divests any interest of the ward in land.
11. Continue in any unincorporated business or venture in which the ward was engaged.
12. Purchase real estate.
13. Exercise any option contained in any policy of insurance payable to, or inuring to the benefit of the ward.
14. Pay funeral, interment, and grave marker expenses for the ward from the ward's estate.
15. Make gifts of the ward's property.
16. Create revocable or irrevocable trusts of property of the ward's estate.
17. Renounce or disclaim any interest by testate or intestate succession or by inter vivos transfer.

The Co-Guardians also may not act on behalf of the ward respecting any matters set forth in sections 744.3215(4)(a) through (e), section 744.446 or section 765.305 (1) without prior court approval.

IT IS FURTHER ORDERED AND ADJUDGED that the appointed Co-Guardians shall:

1. Submit to a Credit and Criminal Investigation pursuant to section 744.3135. Except that, if such investigation has been completed within one year prior to the date of this Order, such investigation may be waived upon the Co-Guardians providing the name and number of the file in which the Report is filed.
2. Complete the 8-hour basic education course required for family/nonprofessional guardians and **not** use guardianship funds to pay for or be reimbursed for the costs of completing such education requirements without prior authorization from this Court.

IT IS FURTHER ORDERED AND ADJUDGED that the Co-Guardians shall file a Verified Inventory and Initial Guardianship Plan within sixty (60) days of appointment and provide the Ward with a copy of each signed safe deposit box inventory, if any.

IT IS FURTHER ORDERED AND ADJUDGED that, absent further order of this Court, all matters related to the judicial review functions of this Court set out in sections 744.369, 744.371, 744.3715, and 744.372, shall be referred to the presiding General Magistrate of this Court pursuant to section 744.369(2), for further proceedings pursuant to Florida law and current Orders of this Court; and the General Magistrate is authorized to require such investigations and examinations and hold such hearings as may be deemed necessary and shall report back to this Court the Magistrate's findings and recommendations as soon as practicable.

IT IS FURTHER ORDERED AND ADJUDGED that the Court reserves jurisdiction to enforce the executory provisions of this Order.

DONE AND ORDERED in Chambers _____.

12/07/2017 10:00:14 AM

Mark A. Haney

Mark I. Shames, Circuit Judge
CIRCUIT COURT JUDGE

Copies to:
Lee R. Carr, II
Thomas G. Tripp

IN THE CIRCUIT COURT FOR
THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
PROBATE DIVISION

IN RE: GUARDIANSHIP UCN: 522017GA008019XXGDXX
OF
MATTHEW WITSEY, REF: 17-008019-GD-04
    Incapacitated
Person.

**ORDER AUTHORIZING GUARDIAN TO
DEFEND CLAIM IN UNITED STATES DISTRICT COURT**

THIS CAUSE having come before the Court upon the Guardians' Petition for Order Authorizing Guardian to Defend Claim in United Stated District Court, the Court having considered the Petition and finding that all interested parties have been served proper notice of said Petition; and the Court further finding that the material allegations are true and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED:**

The Court authorizes the Guardian, NIGEL G. WITSEY, to file a Motion to Intervene and to Stay the Requirement that Patient Cells Currently Stored in and FDA-Registered Tissue Bank be Destroyed Until the Intervenor has had an Opportunity to be Heard in the matter of United State District Court, Southern District of Florida, Ft. Lauderdale Division, United States of America v US Stem Cell Clinic, LLC, case number 0 18-CV-61047 (UU), and any other pleadings needed in this matter to protect the legal rights of the Ward.

**DONE AND ORDERED** in Chambers, in St. Petersburg, Pinellas County, Florida this _____ day of _____, 2019.

08/16/2019 04:40:08 PM
08/16/2019 16:40:07 522017GA008019XXGDXX
Pamela A.M. Campbell, Circuit Judge
08/16/2019 16:40:07 522017GA008019XXGDXX

CIRCUIT JUDGE

copies furnished to:
    Lee R. Carr, II, Esquire