**EXHIBIT C**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

Case No.: 0 18-cv-61047 (UU)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

US STEM CELL CLINIC, LLC, a Florida
Profit corporation, and KRISTIN C.
COMELLA and THEODORE GRADEL,
individuals,

        Defendants.

_____/

NIGEL WITSEY,

        Intervenor.

_____/

**INTERVENOR COMPLAINT**

Intervenor Nigel Witsey, by and through their undersigned counsel, Law Office of Kathleen A. Daly, P.A., and pursuant to 28 U.S.C. §§ 2201-2202 and Rules 24(a), or alternatively, 24(b) and 57 of the Federal Rules of Civil Procedure, for their complaint seeking Declaratory Relief, allege upon information and belief as follows:

**NATURE OF THE ACTION**

1) This is an action seeking declaratory relief to stay and/or suspend permanently that portion of a permanent injunction issued by the Court on June 25, 2019 which directs Defendants to "destroy any and all SVF Product that is in Defendants' possession, custody, or control" within

thirty (30) calendar days of the entry of the order ("Injunction"). The June 25th order was modified by an Omnibus Order entered on July 31, 2019 (Docket Entry No. 248) which denied without prejudice the motions of other intervenors who sought to stay that portion of the Injunction directing the destruction of banked cells on the ground that, as owners of the stem cells, they had the right to be heard. *See* Docket Entry 236. Currently, there is a stay of the Injunction that now directs the destruction "within 30 days after the deadline for a timely appeal of the injunction or if Defendants timely appeal[], within 30 days after the Eleventh Circuit Court of Appeals' mandate as to such an appeal." Docket Entry 248 at pg. 2. To date, no appeal has been taken.

2) Mr. Witsey only recently received notice from Defendant US Stem Cell, Inc. ("US Stem Cell") that Matthew's banked stem cells are slated for destruction.[1]

3) Mr. Witsey submits that it is his property that is about to be destroyed-- property which has, in many instances, profoundly changed his son's life for the better. To permit the destruction without an opportunity to be heard on this issue constitutes a denial of fundamental due process and an unconstitutional taking of property. In short, the enforcement of this injunction would enact a manifest injustice against Mr. Witsey-- an innocent third party.

---

[1] Mr. Witsey could not have intervened earlier, because as Guardian for Matthew, he needed authorization from the Sixth Judicial Circuit - Pinellas County Florida, in order to intervene. *See* Exh. A (Order Authorizing Guardian to Defend Claim in United States District Court).

**JURISDICTION AND VENUE**

4) This action arises under the Fifth Amendment to the United States Constitution and 28 U.S.C. §§ 2201-2202. This Court has jurisdiction over the United States' claims for injunctive relief pursuant to 21 U.S.C. §332(a).

5) This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1345.

6) Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c).

**PARTIES**

7) Defendant US Stem Cell Clinic, LLC ("Clinic") is a Florida limited liability company founded in 2014, with its principal place of business located at 12651 Sunrise Blvd., Ste. 104, Sunrise, FL. 33323, within the jurisdiction of this Court.

8) Defendant US Stem Cell is a Florida profit corporation, founded in 1999, with its principal place of business at 13794 Northwest 4th St., Suite 212, Sunrise, FL 33323. US Stem Cell operates the Tissue Bank where the Intervenor-Patients' stem cells are stored (the "Bank").

9) Plaintiff, United States of America (the "United States"), filed this action against the Clinic and US Stem Cell seeking pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 332(a), to restrain alleged violations by the Defendants taking place at USSCC's facilities in violation of 21 U.S.C. § 331(k), 21 U.S.C. § 351 (a)(2)(b), and 21 U.S.C.§ 352(f)(1).

10) Intervenor, Mr. Witsey, as the legal guardian for his son Matthew, has stored his son's stem cells at a tissue bank that is registered with the United States Food and Drug Administration (the "FDA") and operated by US Stem Cell.

11) Mr. Witsey, who as legal guardian for Matthew[2], owns the stem cells that are stored by US Stem Cells at the Bank.

## STATEMENT OF FACTS

12) Mr. Witsey lives in Florida and has had Matthew's cells banked until such time as they are needed for one of Matthew's treatments.

13) As explained in the accompanying Motion, Matthew has benefitted from the stem cell treatments. Mr. Witsey states, Matthew has shown a marked improvement as the result of the regenerative therapies he has undergone, including the stem cells. It was important to Mr. Witsey from a health perspective to have Matthew's cells banked for Matthew's future use. In short, the stem cells that Plaintiff seeks to destroy were not ***donated*** to the Bank. They were ***deposited***.

14) The Bank is registered with the United States Food and Drug Administration (the "FDA") as human cells, tissues, and cellular and tissue-based product establishment. (Docket Entry 1, ¶ 17), pursuant to 21 C.F.R. Part 1271, with an FDA Establishment Identifier of 3005825762.

15) Mr. Witsey, like the other intervenors, executed a written agreement with US Stem Cell for the purpose of, *inter alia*, processing, expanding, freezing, storing, withdrawing, shipping, transporting" the stem cells. A copy of the standard agreement signed by Mr. Witsey is annexed as Exhibit B to the Declaration of Nigel Witsey.

16) Mr. Witsey paid an annual fee for the Bank to retain the deposits until such time as Matthew needed them. The Banking Agreement, in the section labeled 3 "Use and Ownership of Tissue" provides the following:

> (a) Patient acknowledges and agrees that the Tissue and the stem cells derived therefrom are for Autologous Use" Autologous

---

[2]   *See* Exh. A.

> Use means that the stem cells derived from the Tissue may only be implanted, transplanted, infused or transferred back into the individual from whom the Tissue was collected. Accordingly, the Tissue and the stem cells derived therefore shall only be used for implantation, transplantation, infusion or transfer back into Patient exclusively.

17) The Agreement also makes it clear that the Bank is a mere custodian. Section (d) under "Use and Ownership of Tissue" provides as follows:

> (d) Notwithstanding Bank's possession of the Tissue and the stem cells derived therefrom, ***Patient is and shall remain the owner of the Tissue and the stem cells derived therefrom***, until the release or disposition of same by Bank (emphasis added).

18) Mr. Witsey was also given a "Banking Certificate" listing Matthew's name and a unique patient identification number. He was told to contact banking@us-stemcells.com "to receive information about ***your*** cells. *See* Exh. A to the Declaration (patient ID redacted)(emphasis added)**.**

19) Mr. Witsey has paid thousands of dollars to obtain the stem cells, cryopreserve and then store them for future release at his request.

20) Mr. Witsey intends to use the stem cells for private, autologous use and lawful purposes only, when and where such lawful use is or may become available.

21) Mr. Witsey and his family have used Matthew's stem cells as a part of his recovery effort following a tragic car accident.

22) The Stem Cells cannot be replaced by stems cells of the same quality.

23) Upon information and belief, scientific evidence indicates that stem cells that are cryopreserved and banked, like the Intervenor-Patients stem cells, maintain the quality and age of the individual they were extracted from at the time when such stem cells were extracted and stored. Because human stem cells degrade as a person ages, the Intervenor-Patients have no way of

replicating their stored stem cells, which have been extracted and cryopreserved when each of the Intervenor-Patients' stem cells was younger.

24) Because the stem cells in the Bank are of a higher quality than any stem cells which could be extracted from the Intervenor-Patients currently or in the future, the stem cells are irreplaceable.

25) Even if Matthew cannot use the stem cells at the Stem Cell Clinic, they may be able to use them in other settings in this Country. *See, e.g.,* Docket Entry No. 215-4, ¶¶ 24-27 (complaint of other Intervenors).

26) Upon information and belief, stem cells derived from adipose tissue are used regularly in Europe. This is to say, Mr. Witsey can use Matthew's preserved cells—for which they paid a great deal of money—for future treatment.

27) Such an interest qualifies as a protectable interest as there was no intent to donate the cells—only to store them for future treatment.

28) In terms of Notice, Mr. Witsey received notice of the Injunction and the threat to their stored stem cells sometime after June 25, 2019 by US Stem Cells. Per the Court's July 31, 2019 Order, the stem cells will be destroyed if no appeal is taken by defendants. Docket Entry 248 at pg. 2.

29) The Complaint filed by the FDA makes no allegation of unapproved actions taken by US Stem Cell with respect to the Bank. Specifically, there was no allegation that the FDA inspected or found malfeasance at the Bank.

30) Mr. Witsey is not named as a party in this action.

31) He was never notified in advance that the government was proposing permanent injunction calling for the destruction of Matthew's stem cells.

32) Mr. Witsey has not been afforded an opportunity to be heard before the issuance of the injunction and more particularly, paragraph 10 of the Injunction.

33) The Injunction Order provides Mr. Witsey with no compensation for the Court-ordered destruction of their stem cells.

## COUNT I

## VIOLATION OF DUE PROCESS

34) Intervenor-Patients re-alleges paragraphs 1 - 33 of this Complaint and further alleges the following.

35) The stem cells stored at the Bank are the sole property of the Mr. Witsy on behalf of his son from whom they were extracted.

36) Mr. Witsy did not receive notice or have an opportunity to be heard prior to the entry of the Injunction.

37) The Destruction of Matthew Witsey's stem cells would constitute a deprivation of property by the United States without due process of law in violation of the Fifth Amendment to the United States Constitution.

38) Upon information and belief, the United States of America disagrees with the position and the considers the banked stem cells misbranded or adulterated drugs.

39) Mr. Witsey is in doubt about his son's rights under the Injunction Order and the Fifth Amendment to the United States Constitution.

40) Mr. Witsey is entitled to a judgment declaring that Matthew's stem cells are his sole property and that the destruction of the SVF Product owned by the him and stored at the Bank pursuant to the Injunction violates his rights to due process of law in violation of the Fifth Amendment to the United States Constitution.

WHEREFORE, Mr. Witsey respectfully request that this Court (i) declare Paragraph 10 of the Injunction Order void as to the third-party owned stem cells, including those owned by him and stored at the Bank, (ii) modify and/or clarify the Injunction to prevent destruction of the SVF product and stem cells including the stem cells owned by him, and (iii) enter such further relief as is just and proper.

## COUNT II

### DECLARATORY RELIEF – UNCONSTITUTIONAL TAKING

41) Intervenor-Patients re-alleges paragraphs 1 - 33 of this Complaint and further alleges the following.

42) Certain and readily-identifiable stem cells stored in the Bank are the sole property of Mr. Witsey.

43) Mr. Witsey did not receive notice prior to the entry of the Injunction.

44) Mr. Witsey did not have an opportunity to be heard in this action prior to entry of the Injunction.

45) Mr. Witsey takes the position that the provisions of the Injunction directing destruction of his stem cells would constitute a regulatory taking of property by the United States without adequate compensation in violation of the Fifth Amendment to the United States Constitution.

46) Upon information and belief, the United States of America disagrees.

47) Mr. Witsey is in doubt about his rights under the Injunction and the Fifth Amendment to the United States Constitution.

48) Mr. Witsey is entitled to a judgment declaring that destruction of the SVF product owned by him and stored at the Bank pursuant to the Injunction would constitute a regulatory

taking without just compensation in violation of his rights under the Fifth Amendment to the United States Constitution.

WHEREFORE, Mr. Witsey respectfully requests that this Court (i) declare Paragraph 10 of the Injunction void as to his stem cells which are currently stored at the Bank, (ii) modify and/or clarify the Injunction to prevent destruction of the third-party owned SVF product which contain his stem cells, (iii) require that any destruction of the SVF product of third parties including those belonging to him would constitute a regulatory taking requiring the payment of just compensation and a determination as to what that payment shall be, and (iv) grant such other and further relief as is just and proper.

## COUNT III

### DECLARTORY RELIEF:  INTERVENOR-PATIENTS' STEM CELLS BEYOND THE SCOPE OF THE INJUNCTION

49) Mr. Witsey re-alleges paragraphs 1 - 33 of this Complaint and further alleges the following.

50) The United States of America and US Stem Cell have taken the position that Intervenors' Stem Cells stored at the Tissue Bank are included in the Court's definition of "SVF Product" pursuant to paragraph 3.F of the Injunction Order. (Docket Entry # 83, ¶ 3.F).

51) The United States of America has interpreted paragraph 10 of the Injunction Order to require the destruction of Intervenors-Patients' Stem Cells as "SVF Product that is in Defendants' possession, custody, or control."  (Docket Entry 83, ¶ 10).

52) US Stem Cell believes that paragraph 10 of the Injunction Order may require the destruction of Intervenors' Stem Cells as "SVF Product that is in Defendants' possession, custody or control."  (Docket Entry 83,  10).

53) Mr. Witsey seeks declaratory judgment from this Court that stem cells owned by non-Defendant third-parties and stored at the Bank are excluded from the Court's definition of "SVF Product" in paragraph 3.F of the Injunction., and that his Stem Cells are therefore not subject to the destruction order contained in paragraph 10 of the Injunction or otherwise effected by the Order.

54) Mr. Witsey is in doubt about their rights under the Injunction.

WHEREFORE, Mr. Witsey demands judgment declaring that his bought and paid for Stem Cells do not fall under the definition of "SVF Product" for the purposes of the Injunction and should not be destroyed pursuant to the Injunction and are otherwise unaffected by the Injunction.

Dated: August 20, 2019

LAW OFFICE OF KATHLEEN A. DALY, P.A.

By: *Kathleen A. Daly*
Kathleen A. Daly
Florida Bar No. 112438

515 N. Flagler Dr., Ste. P300
West Palm Beach, FL 33401
Office: (561) 293-8514
Cell: (917) 301-2437
Fax No.  800-395-8692
Email: kdaly@kadalylaw.com

Pro Bono Counsel for:

NIGEL WITSEY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August, 2019, I electronically filed the foregoing document wit the Clerk of the Court using CM/ECF.  I further certify that the foregoing document

is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel for parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Kathleen A. Daly*
Kathleen A. Daly

### SERVICE LIST

| | |
|---|---|
| James Alan Weinkle<br>United States Attorney's Office<br>99 N.E. 4th Street<br>Suite 300<br>Miami, FL 33132<br>305.961.9290<br>Fax: 305.530.7139<br>Email: James.Weinkle@usdoj.gov | Roger J. Gural<br>United States Department of Justice<br>Civil Division, Office of Consumer Litigation<br>450 5th Street, NW<br>Washington, DC 20001<br>202-307-0174<br>Fax: 202-514-8742<br>Email: roger.gural@usdoj.gov |
| Loren Harley Cohen<br>Mitrani, Rynor, Adamsky & Toland, P.A<br>301 Arthur Godfrey Road<br>Penthouse<br>Miami Beach, FL 33140<br>305-358-0050<br>Fax: 358-0550<br>Email: lcohen@mitrani.com | Isaac Jaime Mitrani<br>Mitrani, Rynor, Adamsky & Toland, P.A.<br>301 Arthur Godfrey Road<br>Penthouse<br>Miami Beach, FL 33140<br>(305) 358-0050<br>Fax: (305) 358-0550 |
| Mary M. Gardner<br>Venable LLP<br>600 Massachusetts Avenue, N.W.<br>Washington, DC 20001 | Michael S. Blume<br>Venable LLP<br>Rockefeller Center<br>1270 Avenue of the Americas, 24th Floor<br>New York, NY |

| | |
|---|---|
| Stephen R. Freeland<br>Venable LLP<br>600 Massachusetts Avenue, NW<br>Washington, DC 20001<br>202-344-4837<br>Email: srfreeland@Venable.com | Todd H. Halpern<br>Venable LLP<br>600 Massachusetts Avenue, N.W.<br>Washington, DC 20001<br>202.344.4152<br>Email: thhalpern@venable.com |
| Jacob Joseph Givner<br>Givner Law Group, LLP<br>19495 Biscayne Blvd.,<br>Suite 702<br>Aventura, FL 33180<br>305-933-9970<br>Fax: 786-520-2704<br>Email: jgivner@givnerlawgroup.com | Marissa Ximena Kaliman<br>Givner Law Group, LLP<br>19495 Biscayne Blvd.<br>Suite 702<br>Miami, FL 33180<br>305-933-9970<br>Email: mkaliman@givner.law |